Alma SKAGGS, Plaintiff in Error,

v.

STATE of Oklahoma, Defendant in Error.

No. A–12700.

Court of Criminal Appeals of Oklahoma.

May 27, 1959.

King & Wadington, Ada, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

NIX, Judge.

The plaintiff in error, Alma Skaggs, hereinafter referred to as defendant, was charged by information in the District Court of Pontotoc County with the crime of unlawful sale of intoxicating liquor, to-wit: 1 pint of tax paid whisky to Tollie Bogan (crime bureau agent). Defendant was tried before a jury who found her guilty as charged and assessed her punishment at one year in the county jail and to pay a fine of $2000.00.

The defendant lodged her appeal in this court in due time and advances some 14 assignments of error. However, this opinion will be confined to that assignment wherein the defendant contends the court erred in failing to give certain instructions. A review of the testimony is unnecessary as it is a typical case where a law enforcement officer represents himself to a bootlegger to whom he is a stranger, as a customer, and after the purchase is made, pulls his badge and takes the bootlegger into custody and files a charge.

In the instant case defendant was charged as a second offender and the information cited six previous convictions of violating the prohibitory liquor law; all of said charges being made in a period of 5 months in 1953, four years previous to the case at bar.

The defendant complains that the trial court erred by failing to instruct the jury that if they failed to find the defendant guilty as a subsequent offender, then and in that event they could consider whether or not defendant was guilty of the included offense for which he was on trial, to-wit: the unlawful sale of intoxicating liquor (1st offense.)

██ This question has been passed upon by this court in favor of the defendant. In the case of Vincent v. State, Okl.Cr., 318 P.2d 889, Judge Powell approves an instruction given in said case as follows: Instruction No. 10 set out in the opinion permitted the jury, where it would fail to find as a fact prior conviction or convictions, to then consider whether the defendant was guilty of the offense of driving a motor vehicle on a public highway while under the influence of intoxicating liquor, first offense. See also 25 Am.Jur. 280 (35) Habitual Criminals; 116 A.L.R. 236, 139 A.L.R. 697; Shirley v. State, Okl.Cr., 325 P.2d 92; Shirey v. State, Okl.Cr., 321 P.2d 981, 988, where it said:

"* * * the court by all means, should give an instruction * * * to the effect that defendant could be found guilty either of the principal offense or as a second offender, and the punishment provided by law for each offense should be clearly set forth in the instructions."

The most flagrant error is raised by the defendant in his reply brief and is of such fundamental nature that the court has no legitimate alternative except to reverse this case.

██ It is to be noted that the trial court set out in detail the six previous convictions in his instructions to the jury, but nowhere in the instruction did he instruct the jury the purpose for which said convictions could be considered. The defendant cites in his brief the case of Jordan v. State, Okl.Cr., 327 P.2d 712, 713, 714, which is squarely in point and most decisive in the case at bar, wherein the court said:

"Where the court in its instructions to the jury in stating the issues and in summarizing allegations of the crime charged, details two alleged prior convictions of the accused, but nowhere else in his instructions advises the jury the purpose for their consideration of alleged prior convictions; Held such failure constitutes reversible error."

The court should have instructed the jury that evidence of previous convictions should not be considered by them as to the guilt or innocence of the defendant of the crime set forth and alleged in the information, but should only be considered by them in fixing his punishment in the event they find and believe beyond a reasonable doubt that he is guilty as a second and subsequent offender. This court considers it fundamental that such an instruction as aforesaid or in substance be given as to the purpose of receiving evidence of prior convictions and that the failure to so advise the jury must be treated as reversible error.

The judgment and sentence of the trial court is therefore reversed and remanded for a new trial.

POWELL, P. J., and BRETT, J., concur.