Gary Lafayette SMITH, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A-15674.

Court of Criminal Appeals of Oklahoma.

March 10, 1971.

Rehearing Denied April 30, 1971.

Don Anderson, Public Defender, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Hugh Collum, Asst. Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge.

Gary Lafayette Smith, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Oklahoma County for the offense of Burglary in the Second Degree, After Former Conviction of a Felony; his punishment

was fixed at twelve years imprisonment and from said judgment and sentence a timely appeal has been perfected to this Court.

Briefly stated, the evidence at the trial revealed that Felix Klenk was employed at the Market Pre-pak in Oklahoma City. He worked on January 28, 1967, and locked the building when he left at 5:00 p. m.

Dan Devine, the owner, testified that he opened the business on January 29, 1967, and worked until noon. He returned about 2:30 the same day and observed that a lock had been broken on a back door and vending machines and a pay telephone had been broken open. Cigarettes, candy, and coins were missing. Part of the cigarettes were recovered outside the premises.

Officer Hale testified that he was patrolling in the area and saw two persons leaving the south side of the loading dock of the market Pre-pak. He identified the defendant as one of the persons. They jumped in a ravine and crawled down a drainage ditch. He took pursuit and apprehended them lying on their stomachs in the ravine. He later searched the area and discovered cigarettes, a money changer from a coin machine, a pry bar, and gloves. The defendant and the other subject were searched at the police station and had nickels, dimes, and quarters on their person.

Officer Cain was called as a witness for the defendant, and testified that the money taken from the defendant was later returned to him in that it was impossible to positively identify coins. The defendant did not testify, nor were any additional witnesses called in his behalf. In the second phase of the trial, three witnesses testified concerning the defendant's former felony conviction.

The defendant's first proposition contends that the verdict is not supported by the evidence. This Court has repeatedly held that where there is competent evidence in the record from which the jury could reasonably conclude that the defendant was guilty as charged, the Court of Criminal Appeals will not interfere with the verdict even though there is a sharp conflict in the evidence and different inferences may be drawn therefrom, since it is the exclusive province of the jury to weigh the evidence and determine the facts. Gray v. State, Okl.Cr., 467 P.2d 518.

The final proposition contends that the punishment is excessive. We need only observe that the minimum punishment was ten years and the twelve year sentence imposed was well within the range provided by law. The defendant has filed a pro se supplemental brief which alleges several propositions of error. We have carefully examined each proposition and find that they do not contain sufficient merit to be discussed in this opinion.

The record is free of any error which would justify modification or reversal, and under such circumstances we are of the opinion that the judgment and sentence appealed from should be, and the same is hereby, affirmed.

NIX and BRETT, JJ., concur.