**Mark Alton WHITE, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–73–426.**

Court of Criminal Appeals of Oklahoma.

March 8, 1974.

Don Anderson, Public Defender, Oklahoma County, for appellant.

Larry Derryberry, Atty. Gen., Michael Jackson, Asst. Atty. Gen., William Thiebaut, Jr., Legal Intern, for appellee.

OPINION

BLISS, Presiding Judge:

In the District Court, Oklahoma County, Case No. CRF–72–2965, appellant, Mark Alton White, hereinafter referred to as defendant, was charged, tried and convicted for the offense of Burglary in the Second Degree, After Former Conviction of a Felony. His punishment was fixed at fifteen (15) years imprisonment and from said judgment and sentence, he has perfected this timely appeal to this Court.

At the trial Joan Laverne Thompson testified that on December 12, 1972, she resided at 1135 N.E. 59th Street, Oklahoma City, Oklahoma. At approximately 7:30 a. m. she left for work, leaving the front door and garage door locked. Early that afternoon, she received a call from her neighbor who informed her that someone was inside her home. Mrs. Thompson then phoned her residence, conversed with a police officer, who had been called by the neighbor, and, as a result, at approximately 1:45 p. m. she returned to her home. Upon her arrival, she observed, parked in her garage, a blue Dodge, which contained a television set, an electic sander and rooter, property which she testified had been within the home and garage. Her inspection of the premises revealed pry marks about the facing of her front door, which was open. The screen on her bathroom window had been removed.

Quentin F. O'Neal testified that he was a neighbor of the Thompsons. On the above date at approximately 12:50 p. m., while seated in the kitchen of his home, he observed a blue Dodge drive into the driveway of the Thompson residence. A Negro male emerged from the car, walked to the front door of the Thompson residence and appeared to make forcible entry. O'Neal called the police as this man entered the front door. Subsequently, the

same man reentered the Dodge, backed it from the driveway, turned around and backed into the Thompson garage. Shortly thereafter, police officers arrived on the scene, searched the area surrounding the residence, and returned approximately five to ten minutes later with the defendant in their custody. Defendant was clad in the same clothing and had the same appearance as the person O'Neal observed engaged in the above conduct.

John Elliott Riley, Jr., patrolman with the Oklahoma City Police Department, testified that he was dispatched to the above address on the above time and date. Upon arrival he observed a blue Dodge parked in the garage of the residence and an open front door with pry marks about the door facing. Riley testified that he entered the house and upon entry, he heard scuffling sounds in one of the back rooms. He directed two of the officers to the rear of the building and reentered, searching the premises. During his search of the premises, he testified that he observed a television set, sander, and rooter inside of the trunk of the Dodge, which was parked in the garage.

Officer Eddie Hoklotubbe, of the Oklahoma City Police Department, testified that he was a backup officer at the above incident. At Riley's direction, he inspected the area behind the Thompson residence. His inspection revealed that the bathroom window screen had been removed and the area beneath the bathroom window was covered with tracks on a snow covered lawn. These tracks led to a neighboring tool shed. The packed snow near the base of the door to the shed indicated that the shed had been recently entered. Hoklotubbe entered the shed and found the defendant crouched behind some lawn chairs. Near the spot where the defendant was standing, he found a screwdriver which was warm to the touch. Hoklotubbe placed the defendant under arrest and subsequent to proper warning, interrogated the defendant. During this interrogation, the defendant admitted placing the televi-

sion set inside of the trunk of the Dodge. He denied any assistance from any other persons.

Officer John G. Hill of the Oklahoma City Police Department, identified several photographs later introduced into evidence. He further related that because of the oily condition of the exhibits and weather conditions, he was unable to lift identifiable latent impressions of fingerprints.

Officer Theopolis Martin, of the Oklahoma City Police Department testified that he interrogated the defendant at the city jail. Subsequent to proper warnings, Martin stated that the defendant admitted the burglary and the fact that he was the person who drove the car.

Thereafter, the State rested.

The defense rested without the presentation of evidence.

At the second stage of trial proceedings, counsel for the defense stipulated that defendant was convicted for the offense of Larceny of an Automobile on March 20, 1969, and that said judgment and sentence was final. Thereafter, the jury imposed the above mentioned penalty.

Defense counsel submits one proposition of error. In that proposition he argues that the trial court erred in instructing the jury at the punishment stage of trial proceedings. Counsel, citing Rice v. State, 60 Okl.Cr. 398, 64 P.2d 1240 (1937), suggests the trial court erred in not instructing the jury that if they did not find beyond a reasonable doubt that defendant was guilty as a second offender, they should assess his punishment as a first offender.

Generally, this Court has held that upon a defendant's trial as a subsequent felony offender, the jury is not compelled as a matter of law to find the defendant guilty on a specific charge that he has a former felony conviction, and, after a jury has heard the charge that accused has a former felony conviction, and has heard evidence of such a conviction, it is still within the province of the jury to find defendant not guilty on a former conviction charge and assess punishment as if he

were a first offender. Dean v. State, Okl.Cr., 502 P.2d 358 (1972). Further, since the jury may find the defendant not guilty on a former conviction charge and assess punishment as if he were a first offender, this Court has held the jury should be provided with a specific verdict form in which a verdict of guilt for the primary offense can be indicated, and the failure to provide such a verdict form on request is error. See *Dean,* supra. In conjunction with the verdict form, this Court also has held the trial court should give an instruction to the effect that defendant could be found guilty either of the principal offense or as a second offender and the punishment provided by law for each offense should be clearly set forth in the instructions. Skaggs v. State, Okl.Cr., 339 P.2d 1077 (1959).

We, however, have a distinguishable circumstance in the instant case. Quoting from the transcript of trial at page 177 we note that counsel stipulated as follows:

"On the back of the Information, we have listed the following officers to prove this former judgment and conviction, listed on Page 2 of the Information, to-wit: Dan Gray, Court Clerk, who would testify with records concerning District Court case number 35,562 and Officer A. Hyde of the Oklahoma City Police Department with reference to the same case number, the same being the case alleged on page 2 of the Information as stipulated by and between Counsel, that this is the same Mark A. White that was convicted in case number 35,562 of larceny of an automobile on the 20th day of March 1969.

"That the judgment and sentence is final, that the appeal date has lapsed and he is the same person alleged on page 2.

"MR. PACE So stipulated."

In reviewing the above authority we note that in each of the above cases there was evidence submitted to the jury regarding former convictions. By the language in those opinions, it appears, although the evidence was uncontroverted, there was evidence which adduced a question of fact of whether defendant was guilty for the principal offense or the offense alleged with former convictions. In light of the above quoted stipulation, there is no question of the fact regarding defendant's guilt for the principal offense or the offense alleged with former convictions. The specific language of the stipulation constitutes an admission that this defendant is the same person who was convicted for the prior offense alleged in the Information. Consequently, the only factual question raised for the jury's consideration is what punishment must be imposed for the offense alleged with former convictions. Since this is the only question raised for the jury's consideration, the trial court did not err in not instructing the jury they might alternatively consider the range of punishment for the principal offense, excluding the former convictions. By the admission in the stipulation, the defendant waived his right to have the jury so instructed.

The judgment and sentence is affirmed.

BRETT and BUSSEY, JJ., concur.