**George Conrad ENGLEBRECHT,**
**Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–77–248.**

Court of Criminal Appeals of Oklahoma.

Sept. 16, 1977.

## OPINION

BUSSEY, Presiding Judge:

George Conrad Englebrecht, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Oklahoma County, for the offense of Burglary in the Second Degree, After Former Conviction of a Felony, Case No. CRF–76–2765, in violation of 21 O.S.1971, § 1435. His punishment was fixed at ten (10) years imprisonment and from said judgment and sentence he appeals.

At the trial, Sally Ann Koerner testified that on the evening of July 21, 1976, she was at Grundy's Restaurant in Oklahoma City, Oklahoma. She and her friend, Gerree Rollins, finished eating and started walking toward her car in the parking lot. She observed defendant standing between some cars and co-defendant, Thomas Van Horn sitting in the front passenger seat of a black Pontiac. Defendant walked up and down the rows of cars and got into a white Volkswagon Van. After some difficulty,

co-defendant, Van Horn, moved the Pontiac so she could back her car out. Prior to driving out of the parking lot she saw defendant get out of the Van with a black, square-shaped object in his hand. Defendant got into the passenger side of the Pontiac. The vehicle left the parking lot traveling south on Meridian. Gerree Rollins took down the license number of the vehicle. She pulled into a nearby gas station and called the police.

Crystal Gerree Rollins' testimony did not differ substantially from the testimony of Sally Koerner. She likewise identified the defendant as the person she saw get out of the white Van carrying a black square object.

Officer Terry Turner testified that on July 21, 1976, some time after 5:00 p. m. he received a burglary in progress. He was furnished a description and tag number of a possible suspect. He observed a car meeting the description and followed it until he was close enough to observe the tag number. He stopped the vehicle and identified defendant and co-defendant, Van Horn, as its occupants. The defendant and Van Horn were placed under arrest and the vehicle impounded. Numerous tools including a homemade lock pick were found in the front seat of the vehicle. State's Exhibit One, a stereo tape deck was lying in the middle of the back seat in plain view.

James E. Fields testified that he was employed at Grundy's Restaurant on July 21, 1976. A girl came into the restaurant and stated that someone had broken into a van. He went outside and discovered that a window on the driver's side of his van was open and the knob of the vent window was on the floor. His stereo tape deck, which he identified as State's Exhibit One, was missing. He testified that the van had been locked and both windows were up when he went to work.

For the defense Jane Rager testified that on July 21, 1976, at approximately 5:15 p. m. co-defendant Van Horn's car ran out of gas in front of her house. Defendant was using some of her husband's tools to work on his car. Defendant and co-defendant Van Horn left her house with a plastic bottle to buy some gas.

Walter John Boess testified that he was employed by Harrison Wrecker Service. On July 21, 1976, he was called by the Oklahoma City Police Department to approximately 16th and Tulsa to pick up a car. He made an inventory of the car. A white clorox bottle and a number of tools were found in the vehicle.

Co-defendant Van Horn testified that on July 21, 1976, his car ran out of gas near Johnny and Jane Rager's home. Defendant was there and offered to take him to buy some gas. Defendant stopped in the parking lot of a restaurant, got out and said he would be right back. He went to a nearby service station to purchase the gas. They did not have ethyl and he walked back to the parking lot. Defendant's car was blocking another car occupied by two girls. He scooted over and moved the car. Defendant returned and they left the parking lot. They were shortly thereafter stopped by the police.

Defendant testified that he had eight (8) previous felony convictions; that on July 21, 1976 he was working on his car at the Rager's house. Defendant pulled up and said he needed a ride to get some gas. He volunteered to take him. He pulled into the driveway at Grundy's Restaurant and decided to get something to eat. He told co-defendant Van Horn that he would be right back. He started toward the restaurant and noticed that his car was blocking another car. He started back to move the car. When he got to the corner he observed that Van Horn had moved it. He noticed that Van Horn was having difficulty with the car and returned to help him. He denied entering a white van or taking a tape deck. He identified State's Exhibit One as being his tape deck that he purchased from Francis McLeag. He identified State's Exhibit No. Three, the pick lock, as a tool he used to get into his trunk.

Defendant asserts as the sole assignment of error that the trial court erred in the manner in which it instructed the jury regarding punishment. Defendant argues

that the trial court's Instructions constituted a directed verdict of a finding that the defendant is the same person who was previously convicted for the After Former offenses alleged in the Information. We are of the opinion that this assignment of error is wholly without merit. Defendant testified on both direct and cross-examination that he had previously been convicted of eight (8) felonies. Thereafter, defendant through his attorney, stipulated that on each occasion he was represented by an attorney and that each conviction was final. In dealing with a similar assignment of error in *Jones v. State*, Okl.Cr., 527 P.2d 169 (1974) we stated:

> "Defense counsel next argues the jury was not properly instructed on punishment as it was within their province to determine whether or not Jones and Lee were guilty as second or subsequent offenders or guilty only of the primary offense. The trial court in its instructions submitted only the enhanced punishment range provided for the offenders as subsequent offenders. We note in this regard that Jones and Lee confessed their prior convictions. It is a limited exception in this regard that when defense counsel stipulates that former convictions are defendant's convictions, or when defendant under oath confesses the former convictions, *there is no question of fact, within the jury's province, of whether defendant is guilty for the primary offense or the offense charged with former convictions.* See *White v. State*, Okl.Cr., 520 P.2d 368 (1974). Defendants Jones and Lee both confessed prior convictions. Their confession of these convictions suspended the requirement of the trial court alternatively instructing the jury on the punishment upon the primary offense. For this reason we find this proposition to be without merit." [emphasis added]

In conclusion we observe the record is free from any error which would require reversal or justify modification. The judgment and sentence is accordingly *AFFIRMED.*

BRETT, J., concurs.