**Samuel Gordon RUCKER, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

No. F-77-647.

Court of Criminal Appeals of Oklahoma.

June 26, 1978.

John T. Elliott, Public Defender, Frank Muret, Asst. Public Defender, Oklahoma County, for appellant.

Larry Derryberry, Atty. Gen., Bill J. Bruce, Asst. Atty. Gen., Charles Rogers, Legal Intern, for appellee.

## MEMORANDUM OPINION

BUSSEY, Presiding Judge:

Appellant, Samuel Gordon Rucker, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Oklahoma County, Case No. CRF-76-4499, of the offense of Escape From a State Penitentiary, in violation of 21 O.S. 1971, § 443. His punishment was fixed at two (2) years' imprisonment, and from said judgment and sentence a timely appeal has been perfected to this Court.

The evidence at trial established that the defendant was an inmate at the Oklahoma City Community Treatment Center, a part of the Oklahoma State correctional system, on December 4, 1976. On that date, the defendant returned to the center at approximately 10:15 p.m. Treatment officers at the center testified that they believed the defendant had been drinking, a violation of the center's rules. They took him to the Highway Patrol Training Center for a breathalyzer test and then to the Oklahoma County jail. Before the officers from the Community Treatment Center were able to turn the defendant over to the County authorities, the defendant escaped. He later turned himself into authorities, and at trial he admitted that he had escaped.

The defendant asserts in his sole assignment of error, that the trial court erred in directing a verdict of guilty to the jury. The State argues that because the defendant testified and admitted every material element of the offense the trial court properly instructed the jury that the only issue left was that of punishment. We must agree with the assertion of the defendant.

It has long been a constitutional and statutory right of accused in this state that a defendant has the right to a jury's determination of his or her guilt, even in such cases where during the course of a trial the defendant admits his or her guilt. *Mougell v. State,* 97 Okl.Cr. 180, 260 P.2d 447 (1953). The only exception to this rule is where a defendant stipulates to the former conviction or convictions during the second stage of a bifurcated trial. See, *White v. State,*

Okl.Cr., 520 P.2d 368 (1974), and *Coleman v. State,* Okl.Cr., 540 P.2d 1185 (1975).

The judgment and sentence is, accordingly, REVERSED and REMANDED for new trial.

CORNISH and BRETT, JJ., concur.