Seth "Butch" PATTERSON, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–86–85.

Court of Criminal Appeals of Oklahoma.

March 27, 1987.

Rehearing Denied April 8, 1987.

Burke Mordy, Mordy & Mordy, Inc., Norman, for appellant.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Oklahoma City, for appellee.

PARKS, Judge:

The appellant, Seth "Butch" Patterson, was charged, tried and convicted in the District Court of Jefferson County, Case No. CRF–83–21, for the offense of Grand Larceny, After Former Conviction of Two or More Felonies. He was sentenced to twenty (20) years imprisonment. We affirm.

The appellant and his daughter entered a clothing store, owned by Mrs. Kristie Gaines, in Waurika, Oklahoma, at around 3:00 p.m. on March 25, 1983. After looking through the store, the appellant asked Mrs. Gaines if he could use her phone. The phone was situated behind a jewelry counter near the front of the store. Mrs. Gaines' purse was sitting on a shelf not far

from the phone. Shortly after he finished his phone conversation, the appellant and his daughter left the premises.

Approximately twenty minutes later, Mrs. Gaines received a phone call from a woman who claimed to have seen two women steal Mrs. Gaines' wallet from her purse. Mrs. Gaines looked inside her purse, and discovered her wallet and checkbook were, in fact, missing. The woman on the phone said she would assist Mrs. Gaines in the recovery of her belongings, but she would not give any names because she did not want to get involved. The missing wallet contained 3 blank checks, 7 credit cards, and around $700.00 in cash.

Mrs. Gaines' wallet was recovered and returned three days later. The wallet contained the seven credit cards, but the blank checks, the money, and Mrs. Gaines' driver's license were missing. Mrs. Gaines later received cancelled checks from three grocery stores, all approximately $80.00 each, drawn on her account. Moreover, Mrs. Gaines also received bills for clothing purchased with her J.C. Penney's card and her American Express card.

Before trial, the appellant's daughter, J.P. signed a statement, which was entered into evidence in the instant case, that she had stolen the wallet and had made the credit card purchases. J.P. testified at trial that she was the woman who called Mrs. Gaines to inform her of the theft. J.P. further testified that she had lied in the statement given to the police to protect her father, and because she believed, if she returned the money, the charges would be dropped.

In his defense, the appellant put on the testimony of four witnesses who testified that the appellant did not know about the stolen wallet, and that the appellant's daughter had stolen the wallet and had purchased the merchandise.

### I.

■ In his first assignment of error, the appellant contends that the conviction utilized by the State to enhance punishment was constitutionally infirm. Specifically, the appellant asserts the following: (1) the trial court failed or refused to advise him of the nature of the charge, which deprived him of notice of the true charge; (2) his guilty plea was invalid because there was not a sufficient showing that there was a factual basis underlying the guilty plea; (3) it was error for the trial court to accept his plea of guilty since he did not admit committing an act which could constitute the offense charged; (4) the trial court failed to determine his competency prior to accepting his guilty plea; and (5) the trial court failed to advise him of his constitutional right to appeal. We reject these assertions of the appellant.

The record reveals that the appellant filed a Motion to Withdraw Plea for Guilty on this challenged conviction. Both a hearing on the motion and an evidentiary hearing were held. This Court has held that "the granting or denying of permission to withdraw a plea of guilty and substitute a plea of not guilty is a matter within the sound discretion of the trial court and its action will be upheld unless abuse of discretion clearly appears in the record." *Avance v. State*, 497 P.2d 467, 470-1 (Okl. Cr.1972). Based on the record before us, we cannot say that the trial court abused its discretion in denying the appellant's motion.

■ Moreover, a copy of the Judgment and Sentence on Plea of Guilty and a copy of the Waiver of Constitutional Rights on Plea of Guilty, concerning this challenged conviction, were filed with this Court. The Waiver of Constitutional Rights on Plea of Guilty form was signed by the judge, the appellant and his attorney, reciting that each question was read and approved. By the weight of such strong documentary evidence, we find that the appellant's conviction was not constitutionally infirm, and that there was competent evidence which supports the verdict of the jury. *Hill v. State*, 502 P.2d 1280 (Okl.Cr.1972).

### II.

The appellant also challenges his five Texas convictions as constitutionally infirm. The appellant additionally asserts

that the convictions arose out of the same transaction or occurrence. We disagree. We note that the record consists of five Judgment and Sentences on Plea of Guilty. Two of these convictions were striken from the record by the trial court. The remaining convictions, as in Proposition I above, are supported by sufficient documentary evidence to negate the appellant's assertion of constitutional infirmity.

■ Regarding the appellant's contention that the remaining convictions arose out of the same transaction or occurrence, we find that no prejudicial error occurred. The record is silent to the facts surrounding the appellant's convictions except two. At trial, the appellant argued that these two convictions for burglary and drug possession arose out of the same occurrence. However, if this Court were to agree with the appellant and strike one of these two convictions, the appellant would still have three prior felony convictions which could enhance his punishment pursuant to 21 O.S. 1981, § 51(B). Therefore, we find insufficient prejudice to justify modification of the appellant's sentence. Accordingly, this assignment of error is without merit.

### III.

■ The appellant next asserts that the testimony of his daughter constituted an evidentiary harpoon. We disagree. The appellant's daughter was called as a witness for the prosecution because of the inculpatory statement she had given the police. The record reveals the following colloquy:

Q. [Prosecutor] Before we go into the statement itself, ma'am, that's in fact what you told Detective Chambers from the Ardmore Police Department about your involvement and the taking of the property from Kristie Gaines at her store on March 25, is that right?

A. [Appellant's daughter] At the, uh, I was—I was, uh—I guess in a way trying to—they was involving dad with it. That's the first thing they said—where's Seth Patterson, and I realized *because of the trouble that*

*he'd been in* that I said he wasn't there that day. [Emphasis added.]

From the passage quoted above, we note that the appellant's daughter was not responsive to the question of the prosecutor. As soon as the statement was made, the prosecutor requested in *in-camera* hearing, and brought the error to the attention of the court. In an attempt to avoid attracting the jury to the error, the trial court delivered the following admonishment to the jury.:

*BY THE COURT:* Ladies and gentlemen of the jury, you are cautioned and advised please to disregard the last response of this witness. The answer was not responsive to the question and the answer given is not proper for you to consider in this trial. Thank you.

We find that this admonishment was sufficient to cure any error. *Kitchens v. State*, 513 P.2d 1300 (Okl.Cr.1973).

■ The appellant also argues that the State erred by impeaching its own witness, i.e., the appellant's daughter. We reject this contention as well. The Oklahoma Evidence Code provides that "[t]he credibility of a witness may be attacked by any party, *including the party calling him."* 12 O.S. 1981, § 2607 (Emphasis added). Such impeachment was proper under the Code.

■ The appellant further asserts that the trial court erred in admitting the allegedly hearsay written statements of the appellant's daughter. We disagree. We find that the appellant objected to the written statement at trial as being irrelevant. On appeal, however, the appellant now claims that the statement was hearsay. The Evidence Code provides that an objection must be specific to alert the court to the grounds for the objection. 12 O.S. 1981, § 2104(A)(1). We find that the appellant did not preserve this error by alerting the court to potential hearsay problems by a specific objection at trial.

### IV.

The appellant next alleges that Instruction No. 9 was improperly given to the jury. The appellant, however, has failed to

cite this Court any authority to support this proposition. This Court has repeatedly and continually stated:

> [I]t is the well established rule in Oklahoma that a mere assertion of error on the part of the trial court without citing authority in support of the contention is insufficient to raise the issue for consideration by the reviewing court. This Court will review the record to determine whether the appellant was deprived of any fundamental rights. [Citations omitted.]

*Cales v. State*, 648 P.2d 838, 840 (Okl.Cr. 1982). Upon a review of the record, we find that the appellant was not deprived of any fundamental rights and that the instructions given fairly and accurately stated the applicable law. This assignment of error is wholly without merit.

## V.

 In his last assignment of error, the appellant contends that the trial court erred in requiring the second part of the proceedings to continue without his presence in the courtroom. We disagree. On pages 221–222 of the transcript, the record reveals the following:

> *BY THE COURT:* ... Let the record reflect please that I'm meeting with Counsel outside the presence of the Jury to discuss an incident that occurred in Court at the close of the evidence on the second stage of this particular charge. The Court was in the process of reading the instructions to the Jury and had completed the second paragraph on the first page thereof when the Defendant stood and made the statement "is this what you want" in the presence of the Jury. It was clear that the Defendant had slashed his arms and wrists in several places and was bleeding profusely. I instructed the Sheriff to remove the Defendant from the courtroom....

This Court has previously held that a defendant may waive his right to be present in the courtroom at every stage of trial when he "engages in misconduct which is so disruptive and disrespectful that the trial cannot continue." *Peters v. State*, 516 P.2d 1372 (Okl.Cr.1973). From the circumstances in this case, we find that the appellant waived his right to be present in the courtroom by his disruptive conduct. Furthermore, the appellant had completed his testimony and the court was merely instructing the jury on the applicable law. We find no error under these circumstances in removing the appellant from the courtroom. This assignment of error is also without merit.

Finding no merit to the appellant's assignment of error, the judgment and sentence of the District Court should be, and hereby is, AFFIRMED.

BRETT, P.J., and BUSSEY, J., concur.