James Henry WALKER, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F-86-624.

Court of Criminal Appeals of Oklahoma.

Oct. 11, 1989.

Patti Palmer, Deputy Public Defender, Norman, for appellant.

Robert H. Henry, Atty. Gen., Sandra D. Howard, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

LANE, Vice Presiding Judge:

Appellant, James Henry Walker, was convicted of Robbery with Firearm After

Former Conviction of a Felony (Count I) (21 O.S.1981, §§ 51, 745), and Kidnapping for the Purpose of Extortion (Count II) (21 O.S.1981, § 801) in the District Court for Payne County, Case No. CRF–85–336. After a trial by jury, punishment was assessed at twenty-five (25) years on Count I and thirty (30) years for Count II. Judgement and sentence were imposed accordingly.

This case presents a distinctive procedural basis in that as a result of factual stipulations between Appellant and the State, Appellant effectively waived his right to have a jury determine his guilt or innocence of the crimes charged against him. As a result of these stipulations, the trial court gave the following instruction to the jury:

> In this case today the defendant and the State of Oklahoma have entered into a stipulation of facts. And I'm going to give you a stipulation at this time. The defendant stipulates and agrees that he has committed each element of each count charged against him; that is, he committed the crime of Robbery with a Firearm, Count I; and the crime of Kidnapping for Purposes of Extortion, Count II. So he has admitted that he did commit each element of each of those charges. He has further admitted, or stipulated too (sic) that on the 23rd day of January, 1964, in Case NO. 1527 in the Circuit Court of Polk County, 10th Judicial Circuit, state of Florida, that he was convicted of the crime of Rape. Now, based on these stipulations and admissions by the defendant, your job will be to determine punishment in ·each case. At the end of the evidence you will be directed to fix punishment within the range provided by law.

(Tr. 6–7.)

Appellant now claims that the trial court improperly directed a verdict against him, which relieved the State from its burden of proving the elements of the crimes charged. He also asserts that the court's acceptance of his stipulation had the effect of converting his not guilty plea to one of guilty. In accord with this result, Appellant now claims that he was denied the rights associated with acceptance of a guilty plea.

In *Rucker v. State*, 580 P.2d 1005 (Okl. Cr.1978), we held that the trial court erred when it directed a verdict of guilty after the defendant took the stand and admitted the commission of the crime with which he was charged. In *Rucker* we stated:

> It has long been a constitutional and statutory right of accused in this state that a defendant has the right to a jury's determination of his or her guilt, even in such cases where during the course of a trial the defendant admits his or her guilt.... *The only exception to this rule is where a defendant stipulates to the former conviction or convictions during the second stage of a bifurcated trial....* (Emphasis added) (citations omitted).

*Id.*

The present case is distinctly different from the situation presented in *Rucker* in that here, there was a positive, informed waiver of the right to present the question of guilt or innocence to a jury. There was no such waiver or acquiescence in the directed verdict in *Rucker*. In *Rucker*, the trial judge gave a directed verdict on his own motion after hearing the defendant's confession from the witness stand.

In previous decisions, we have recognized that a defendant may waive his right to a jury trial. *See Hatch v. State*, 662 P.2d 1377 (Okl.Cr.1983); *Hayes v. State*, 541 P.2d 210 (Okl.Cr.1975). The conclusion then, that if a defendant can waive a jury trial in its entirety he may also waive any part of a jury trial, is completely logical and does not offend established principles of due process.

In the present case, an *in camera* hearing was conducted with both Appellant and his counsel present. At this hearing, defense counsel presented the stipulation to the court and Appellant affirmatively gave his consent to the agreement. He told the court that he was offering the stipulation voluntarily with a full understanding of the consequences. The trial court then announced that it would instruct the jury as

to the stipulations, would allow both the State and Appellant to present evidence as to punishment and would then instruct the jury to find Appellant guilty and assess punishment. The court asked Appellant if this procedure was agreeable. Appellant answered "that's fine." In *Rucker,* the trial court directed a verdict in favor of the State after the defendant took the stand and confessed to the crime. There was no affirmative waiver of the right to have guilt determined by a jury expressed in *Rucker.*

In this case, it is clear that the offered stipulation was calculated trial strategy apparently designed to enhance Appellant's appeal to the mercy of the jury for a lighter sentence. Appellant may not now claim error because his strategy failed. Such result must be rejected as invited error. *See Hughes v. State,* 762 P.2d 977 (Okl.Cr.1988). *See also Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967) (discussion of harmless error doctrine.) While we hold fast to our dictates in *Rucker* that it is error for the court to direct a verdict of guilt, we recognize that the procedures used in the present case are an exception to that rule. Certainly, we will not attempt to defeat a defendant's knowing and informed decision to forgo jury determination of his guilt.

We are not unmindful of cases from other jurisdictions which have found that in some situations, a proceeding such as the one utilized here may be "tantamount to a guilty plea." *State v. Steelman,* 126 Ariz. 19, 612 P.2d 475, 478 (1980). *See also State v. Johnson,* 104 Wash.2d 338, 705 P.2d 773 (1985); *People v. Hancock,* 113 Ill.App.3d 564, 69 Ill.Dec. 559, 447 N.E.2d 994 (1983); *Comm. v. Duquette,* 386 Mass. 834, 438 N.E.2d 334·(1982); *In re Mosley,* 1 Cal.3d 913, 83 Cal.Rptr. 809, 464 P.2d 473 (1970), *cert. denied,* 400 U.S. 905, 91 S.Ct. 144, 27 L.Ed.2d 142 (1970). We note with interest the opinion of the Washington Supreme court that several of the jurisdictions using this analysis now have exception-ridden, fact-specific decisions." *State v. Johnson,* 104 Wash.2d 338, 705 P.2d 773

(1985). The Washington court specifically declined to undertake similar analysis.

We believe that the better reasoned result in such a situation is that of the Maryland Courts. In *Ingersoll v. State,* 65 Md. App. 753, 501 A.2d 1373 (1986), the defendant entered a plea of not guilty along with a stipulation of agreed facts. The stipulation included an agreement on *all* facts, including the ultimate issues in the case. The court quoted one of its previous decisions holding:

> This plea, which has two components, a not guilty plea and an agreed statement of facts, was considered in *Barnes.* There, this Court defined the essential nature of the agreed statement of facts component: Under an agreed statement of facts both State and defense agree as to the ultimate facts. Then the facts are not in dispute, and there can be, by definition, no factual conflict. The trier of fact is not called upon to determine the facts as the agreement is the truth of the ultimate facts themselves. There is no fact-finding function left to perform. *To render judgment, the Court simply applies the law to the facts agreed upon.* If there is agreement as to the facts, there is no dispute; if there is dispute, there is no agreement.

*Id.* 501 A.2d at 1376 *quoting Barnes v. State,* 31 Md.App. 25, 354 A.2d 499 (1976). The court noted the variety of reasons which could motivate a defendant to enter into such an arrangement:

> ...[I]t is less time consuming than a plea of guilty, minimizes post conviction attack on counsel, and provides the possibility that if an essential element of a charged offense is omitted from the statement that the "evidence" will be insufficient to convict.

*Id.*

Additional impetus for entering into an agreed stipulation of facts coupled with a not guilty plea were recognized by the Washington court in *Johnson;* by this process a defendant is able to preserve legal issues for appeal and keep potentially prejudicial matters from presentation to a jury. *Johnson,* 705 P.2d at 775. The combina-

tion of these factors clearly establish the procedure used in the present case as a legitimate trial strategy. While it is a daring strategy in that there are none of the known factors as are involved with a negotiated plea of guilty, it is a choice that we are reluctant to foreclose.

■ In the present case, the court conducted a hearing and determined that Appellant understood the consequences of his agreement and that the stipulation was entered into voluntarily and of his own free will. Because this proceeding is not based upon a plea of guilty, the procedural requirements of *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) or *King v. State*, 553 P.2d 529 (Okl. Cr.1976) are not implicated. Accordingly, it was not error to omit them in this situation. This issue does not present grounds which require reversal of Appellant's conviction.

■ Appellant next raises a number of comments made by the prosecutor which he claims unfairly prejudiced him. We have reviewed the comments to which Appellant objected at trial and find that in the instances of which Appellant complains, the trial court made a ruling that the comment was improper, in which case the objection was sustained and the jury properly admonished. This is sufficient to cure any likely error. *Patterson v. State*, 735 P.2d 338 (Okl.Cr.1987); *Funkhouser v. State*, 734 P.2d 815 (Okl.Cr.1987); *Kitchens v. State*, 513 P.2d 1300 (Okl.Cr.1973). Although we do not condone prosecutorial statements such as were present here [1], we do not find that Appellant's sentence was impermissible altered by the statements. Appellant had a previous conviction in Florida for the crime of Rape. He was sentenced to life imprisonment for that crime. In the present case, the sentences received were well within the statutory guidelines. There is no error here.

Finding no error which requires either modification or reversal, Appellant's Judgement and Sentence is hereby AFFIRMED.

BRETT, J., concurs.

LUMPKIN, J., concurs in result.

PARKS, P.J., dissents.

PARKS, Presiding Judge, dissenting:

In this case, the majority upholds appellant's conviction although the district judge directed a verdict of guilty. Such an action is strictly prohibited under constitutional principles:

> For this reason, a trial judge is prohibited from entering a judgment of conviction or directing the jury to come forward with such a verdict, regardless of how overwhelmingly the evidence may point in that direction. (Citations omitted)

*United States v. Martin Linen Supply Co.*, 430 U.S. 564, 572–73, 97 S.Ct. 1349, 1355, 51 L.Ed.2d 642 (1977). In the case at bar, the trial judge made the following statement to the jury:

> The Court has been advised that the defendant would enter into a stipulation at this time to be given to the jury that he committed the acts [as charged] ... And I would just simply instruct the Jury on the range of punishment. They would listen to what the evidence is on both sides, and then the Jury would assess the punishment in the case. And in effect what it would be is a directed verdict of guilty.

From this statment, it is abundantly clear that a directed verdict of guilty was entered against appellant. Thus, the trial judge acted outside constitutional boundaries in directing a verdict of guilty.

The majority apparently agrees that the trial judge directed a guilty verdict, but upholds appellant's conviction by saying that he waived his right to jury trial, or in the alternative, that such error was invited. Addressing first the majority's position that jury trial may be waived, I agree that a defendant may waive this right. But waiver of a right to jury trial is not the

---

1. The prosecutor implied through a number of comments concerning Appellant's possession of a gun and the short duration of his previous

confinement that Appellant should be given a long sentence.

issue raised by appellant. Appellant asserts that the waiver of his right to a jury trial, coupled with the stipulation of facts, was tantamount to a guilty plea, thus requiring that the guidelines set forth in *King v. State,* 553 P.2d 529 (Okla.Crim. App.1976) must be followed. I must agree.

The situation presented in the case at bar has occurred in several other jurisidictions. Primarily, two different factual situations have been addressed: (1) directed verdicts, or some other analogous situation where the procedure is tantamount to a guilty plea, and (2) stipulations of guilt. *Ingersoll v. State,* 65 Md.App. 753, 501 A.2d 1373, 1377 (1986); *State v. Johnson,* 104 Wash.2d 338, 705 P.2d 773, 775 (1985); *State v. Steelman,* 126 Ariz. 19, 612 P.2d 475, 480 (Ariz.1980); *In re Mosley,* 1 Cal.3d 913, 83 Cal.Rptr. 809, 815, 464 P.2d 473, 479 (1970), *cert. denied,* 400 U.S. 905, 91 S.Ct. 144, 27 L.Ed.2d 142 (1970). The general rule which has emerged from these cases was best explained in *Steelman,* 612 P.2d at 480:

> Submission on transcripts, sometimes known as 'stipulated bench trials,' or 'slow pleas,' are procedurally distinct from guilty pleas. In some instances, however, submissions are tantamount to a guilty plea because it is obvious, that at the time they are made, the defendant has no hope of acquittal. We have held that in such cases, '[d]ue process requires that the trial court make a record similar to that required by *Boykin v. Alabama,* to determine if the decision to submit the case ...was freely, intelligently and voluntarily made.' (Citations omitted)

Thus, in cases where the ultimate fact of guilt is *not* left to the factfinder, courts have held that the trial judge, in effect, has directed a verdict. In these cases, the "directed verdict" is tantamount to a guilty plea and the procedural safeguards of *Boykin* must be followed. Otherwise, the "directed verdict" is violative of federal constitutional law. *See Sparf & Hansen v. United States,* 156 U.S. 51, 105, 15 S.Ct. 273, 294, 39 L.Ed. 343 (1895). If the ultimate fact of guilt is left for determination by the factfinder, the procedure is not the functional equivalent of a guilty plea, and therefore *Boykin* does not apply. *Id.* at 480. *See also Ingersoll,* 501 A.2d at 1376.

In the present case, the jury was specifically directed that the decision as to guilt or innocence was not to be decided by them; only a decision regarding punishment was left for their determination. Thus, there is no alternative but to find that the "directed verdict" was the functional equivalent of a guilty plea. Any other holding would violate federal constitutional principles. *See Sparf,* 156 U.S. at 105, 15 S.Ct. at 294; *In re Mosley,* 464 P.2d at 481. Because it was the functional equivalent of a guilty plea, the safegards of *Boykin* and *King v. State,* 553 P.2d 529 (Okla.Crim.App.1976) must be applied.

Addressing the issue of invited or harmless error with regard to the trial court's actions, the United States Supreme Court, in *Rose v. Clark,* 478 U.S. 570, 106 S.Ct. 3101, 3106, 92 L.Ed.2d 460 (1986), specifically stated that the harmless error doctrine enunciated in *Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), does not apply "if a court directed a verdict for the prosecution in a criminal trial by jury." Hence, the majority is incorrect in stating that the error was harmless.

Lastly, I wish to comment on the rationale used by the majority to support the procedure used by the trial court. The majority implies that any other holding, such as the one suggested in this dissent, would foreclose the possibility of a "stipulated facts trial." I again disagree. Rather than foreclose the possibility of a defendant's stipulation to the facts, the holding suggested by this dissent would merely insure that such a stipulation was consistent with constitutional requirements. The majority disapproves this procedure because it would require a case-by-case analysis. However, when a "fact-specific decision" is required by constitutional law, it is the responsibility of this Court to render such a decision.