1999 OK CR 20

**David Lawrence DODD, Jr., Appellant**

v.

**STATE of Oklahoma, Appellee**

**No. F–98–117.**

Court of Criminal Appeals of Oklahoma.

April 30, 1999.

Richard L. Clark, Assistant Public Defender, Tulsa, for Defendant at Trial.

Doug E. Drummond, Assistant District Attorney, Tulsa, Attorney for State at Trial.

Gretchen Garner, Assistant Public Defender, Tulsa, Counsel for Appellant on Appeal.

W.A. Drew Edmondson, Attorney General of Oklahoma, Nathan L. Dills, Assistant Attorney General, Oklahoma City, Counsel for the State on Appeal.

## SUMMARY OPINION

CHAPEL, Judge.

¶ 1 David Lawrence Dodd was tried by jury and convicted of Count I, Assault with a Dangerous Weapon in violation of 21 O.S. 1991, § 645, after former conviction of two or more felonies, in the District Court of Tulsa County,Case No. CF–96–297.[1] In accordance with the jury's recommendation, the Honorable Tom Gillert sentenced Dodd to thirty (30) years imprisonment and a $2500 fine.

Dodd appeals from this conviction and sentence.

¶ 2 Dodd raises two propositions of error in support of his appeal:

1. Dodd was prejudiced by improper impeachment with prior convictions similar to the crime charged in this case when the trial court allowed the prosecutor to cross-examine him about the nature of those prior convictions; and

2. Oklahoma's common law rule denying testifying defendants the right to have a jury determine the existence of prior felony convictions violates equal protection.

¶ 3 After thorough consideration of the entire record before us on appeal including the original record, transcripts, briefs and exhibits, we have determined that neither reversal nor modification are required under the law and evidence. We find in Proposition I that Dodd was properly impeached by limited questions regarding his prior offenses.[2]

■ ¶ 4 We find in Proposition II that Dodd's right to equal protection is not violated by the combination of 22 O.S.1991, § 860, providing for a jury determination of alleged prior convictions, and case law holding that a defendant who testifies and admits guilt of prior convictions removes that question of fact from the jury. Dodd admits it is settled law that a defendant who takes the stand is subject to impeachment by prior convictions just like any other witness.[3] He correctly notes we have held that any defendant who admits prior convictions on the witness stand has waived the necessity for a second stage to determine the validity of any prior convictions.[4] He claims this conflicts with his statu-

---

1. Dodd was charged by Amended Information with Count I, Assault with a Dangerous Weapon, and Count V, misdemeanor Resisting an Officer in violation of 21 O.S.1991, § 268. Dodd was only tried on the assault charge, and the docket sheet shows the misdemeanor count was dismissed at sentencing. The sentencing transcript does not reflect this.

2. *Robinson v. State*, 1987 OK CR 195, 743 P.2d 1088, 1090–91; *Little v. State*, 79 Okl.Cr. 285, 154 P.2d 772, 776 (1945).

3. 12 O.S.1991, § 2609(A); *see, e.g., Johnson v. State*, 1988 OK CR 145, 761 P.2d 484, 491; *Hyde v. Territory*, 8 Okl. 69, 56 P. 851, 853 (1899).

4. *See, e.g., Camren v. State*, 1991 OK CR 75, 815 P.2d 1194, 1196 (when testifying defendant admits to prior convictions, there is no question of act for jury); *Ray v. State*, 1990 OK CR 15, 788 P.2d 1384, 1386, *cert. denied*, 507 U.S. 993, 113 S.Ct. 1604, 123 L.Ed.2d 166 (1990) (trial court not obligated to tell defendant he waives second stage of bifurcated trial when he testifies and is impeached by evidence of prior convictions). Dodd's reconstruction of the history of this prin-

tory right under § 860 of Title 22 to have a jury determine the fact of any former convictions.[5] He asserts that this combination of statute and common law forces him to choose between his statutory right to challenge his prior convictions and his constitutional right to testify in his own defense. He claims this "choice" violates his right to equal protection under the laws, since it treats testifying and non-testifying defendants differently and puts a burden on the fundamental right to testify on one's own behalf. This appears to be an issue of first impression.[6]

¶ 5 Dodd first makes the uncontroversial claim that the right to testify on one's behalf is fundamental.[7] Inexplicably, the State attempts to contest this assertion. Whether or not a testifying defendant may be impeached has no bearing on whether he has a fundamental right to testify. Dodd cites no law suggesting that a testifying defendant should be treated differently from any other witness: i.e., should be exempt from proper impeachment with prior offenses. In fact, he does not appear to quarrel with the numerous cases reaching the common-sense conclusion that a defendant should receive the same impeachment treatment as other witnesses, and does not claim that this law alone deprives him of his right to testify. That is, Dodd appears to recognize that a defendant's testimony is subject to rules of evidence and impeachment. The question is whether the combination of § 860 and case law above impermissibly burdened or deprived Dodd of the fundamental right to testify. We conclude it did not.

¶ 6 Dodd claims he was denied equal protection of the laws. To succeed, he must persuade this Court: (1) testifying and non-testifying defendants receive different treatment under (a) the state statute providing that juries shall determine the fact of former convictions and (b) state case law holding a testifying defendant waives that right; and (2) his fundamental right to testify is adversely affected by this combination of state statute and common law. We agree that defendants are entitled under § 860 to a jury determination of the issue of prior convictions. As a practical matter, once a defendant admits priors on the stand there is no issue for the jury to decide. Dodd is thus correct to the extent he claims that a defendant with prior convictions who chooses to testify will not receive the § 860 jury determination regarding his priors. However, this result does not adversely affect Dodd's fundamental right to testify.

¶ 7 We need not determine whether our state laws violate the Equal Protection Clause because those laws do not affect Dodd's right to testify. Dodd does not say how, exactly, his right to testify in his own defense at trial is burdened by his failure to receive a separate jury determination of whether he was convicted of prior offenses. The latter is a right granted by state statute. It protects a defendant's right to a jury determination of all the charges against him, including those used only for sentence enhancement. If a defendant takes the stand and admits his guilt of those charges, there is no need for a separate determination of guilt. A defendant also does not receive a jury determination of guilt if he stipulates to his prior convictions in the second stage of a

---

ciple is faulty. He argues that *White v. State,* 1974 OK CR 43, 520 P.2d 368, applied only to a stipulation of identity and does not support the subsequent ruling that a defendant's stipulation or testimony regarding priors relieves the State of its burden. On the contrary, White noted that the defendant's stipulations removed all question of fact on that issue from the jury and left only the question of punishment, obviating the need for instructions on guilt/innocence of the prior offense. *White,* 520 P.2d at 370. Contrary to Dodd's assertion, the Court did not distinguish stipulations from cases where evidence was uncontroverted and no question of fact was presented.

5. 22 O.S.1991, § 860.

6. In *Ray,* 788 P.2d at 1386, we stated: "The fact that [the defendant] then faced the unpleasant alternative of testifying on direct examination regarding the prior convictions in an attempt, as he says, to remove their 'sting', or exposing himself to impeachment on cross-examination, does not compel us to burden this fundamental right [to testify]." In *Johnson,* 761 P.2d at 491, we noted: "Appellant further argues that the impeachment rule imposes an unreasonable burden on a defendant's right to testify, and as such is a denial of due process. We disagree."

7. *Rock v. Arkansas,* 483 U.S. 44, 107 S.Ct. 2704, 2708–10, 97 L.Ed.2d 37 (1987).

bifurcated trial.[8] The focus is on when, not whether, the jury learns about a defendant's prior convictions. Dodd is not claiming that the jury found out about his prior convictions only because he testified; obviously, that information would have been before the jury had there been a second stage on the enhancement issue. He is not even complaining that he should have been immune from impeachment by prior convictions. He complains instead that he was forced to give up the statutory right to a separate determination of guilt on the prior convictions when he decided to testify on his own behalf regarding the charged offense. Dodd states as a given that this choice constitutes a burden on his right to testify, but does not explain how this differs, for example, from the choice between testifying on one's own behalf or preventing the jury from hearing about former crimes before second-stage enhancement proceedings. Defendants must take many things into account when deciding whether to take the stand, and not all of them affect a fundamental right. Dodd simply does not show that the loss of protection afforded by a state statute, where he admits guilt of prior convictions used for enhancement, burdens his fundamental right to testify. As state law does not burden Dodd's right to testify, we need not conduct the strict scrutiny analysis he requests. The disparity in treatment afforded testifying and non-testifying defendants under state law does not affect Dodd's right to testify, and does not violate the Equal Protection Clause. This proposition is denied.

### Decision

¶8 The Judgment and Sentence of the District Court is **AFFIRMED**.

STRUBHAR, P.J., JOHNSON, and LILE, JJ., concur.

LUMPKIN, V.P.J., concurs in results.

---

**8.** *Rucker v. State,* 1978 OK CR 62, 580 P.2d 1005. Dodd's acceptance of this principle detracts from his suggestion that waiver of his § 860 benefit abrogates the concept of jury nullification and

deprives him of the chance that a jury may hear the evidence of prior convictions and still acquit on enhancement charges.