Cecil Leroy CLOUSE, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–79–394.

Court of Criminal Appeals of Oklahoma.

Dec. 30, 1980.

Rehearing Denied Jan. 26, 1981.

James W. Berry, Berry & Berry, P. C., Oklahoma City, for appellant.

Jan Eric Cartwright, Atty. Gen., Duane N. Rasmussen, Asst. Atty. Gen., for appellee.

## OPINION

BRETT, Judge:

Cecil Leroy Clouse has appealed to this Court from the District Court of Grady County, Case No. CRF–78–76. A jury found that he had committed the offense of Shooting With Intent to Kill, 21 O.S.Supp. 1980, § 652, and sentenced him to spend twenty-five (25) years in the custody of the Department of Corrections. We affirm the conviction.

On June 26, 1978, the appellant and his victim, Eugene Glass, confronted one another in the Blue Lounge in Chickasha, Oklahoma. The two were on unfriendly terms as a result of previous confrontations. In the course of the argument the appellant threatened to shoot Glass. After the confrontation the appellant crossed the street to another bar, and shortly thereafter Glass and some of his friends entered the bar and wrestled the appellant to the floor in an effort to search him for a weapon. The appellant, who appeared to be unarmed at the time, left the bar, went to a local store and bought shells for a pistol he had. He then returned to the Blue Lounge and entered the bar with the weapon in his hand. Glass, who was sitting there, stepped toward the appellant. He and the appellant were approximately ten to fifteen feet apart when the appellant shot him.

I

Shortly after Glass was shot, the appellant went to the sheriff's office to turn himself in. According to the testimony of Detective Buchanan, of the Chickasha Police Department, he had informed the appellant that he was being arrested for assault and battery with a dangerous weapon, that is a gun. The appellant then asked, prior to receiving the *Miranda* warnings, if they had the gun and said that unless it was found they could not convict him. In his first assignment of error, he contends that it was error for the court to allow his statement into evidence.

*Miranda* warnings must be given before any custodial interrogation, but in the case at bar, no interrogation had occurred: The appellant voluntarily injected the incriminating statement when he was informed of his arrest. To allow such statements in evidence does not violate *Miranda* requirements. *Rhode Island v. Innis*, 444 U.S. 291, 100 S.Ct. 1682, 64 L.Ed.2d 297 (1980).

## II

Next the appellant contends that he should have been granted a new trial after the discovery of alleged misconduct by one of the jurors. At the hearing on the motion for a new trial, the juror accused of misconduct, Gary Gage, testified that while he was serving on the appellant's jury he received a message from a secretary in the district attorney's office to call his family. Gage spoke over the telephone in the district attorney's office to either his wife or his sister concerning business at home. He testified that he did not speak with anyone in the office about the case. The State insists that the telephone conversations had no prejudicial effect because the conversations were with third parties and there was no reference to the trial.

■ The burden is on the appellant to show prejudice when there is a communication by a member of the jury with a third party not interested in the outcome of the trial. *Townley v. State*, Okl.Cr., 355 P.2d 420 (1960). In *Townley*, two members of the jury, while on recess, talked with an attorney interested in civil aspects of the criminal trial. The defendant did not show that he was prejudiced by the conversation, and the trial judge did not err in overruling the motion for new trial.

A situation similar to the present case occurred in *Proctor v. State*, 22 Okl.Cr. 445, 211 P. 1057 (1923). Some jurors telephoned to notify their families they were still being held on the jury. The defendants claimed prejudice by the jurors' conduct. At the hearing on a motion for new trial, the matters relating to the alleged misconduct of the jury were considered and no prejudice to the defendants was found by the Court.

■ The telephone conversation between Gage and his family was in no way prejudicial to the appellant. Since there was no prejudice, the assertion that error occurred at the trial is without merit.

## III

■ The third assignment of error is that the trial court should have granted a motion for a new trial, based on newly-discovered evidence. The new evidence consisted of witnesses who would testify to the victim's violent nature. In denying the motion, the trial judge reasoned that since a different attorney had been employed by the appellant to represent him at the trial, he may have chosen a different strategy in handling the case than the appellant's present attorney.

The question to consider is whether the appellant or his counsel could have exercised due diligence to discover the evidence before the trial. The District Court considered this question at the hearing on the motion for a new trial. He concluded that the "new" evidence was available to the appellant when he was preparing for his trial. There is nothing in the record which would suggest that the judge abused his discretion in denying the motion for a new trial.

## IV

■ Finally in his fourth assignment of error, the appellant contends that the sentence imposed was excessive and should be modified. Before this Court will modify a sentence, an examination of all the facts and circumstances must reveal that the sentence was so excessive as to shock the conscience of the Court. *Barnett v. State*, Okl.Cr., 521 P.2d 411 (1974). The appellant was convicted of shooting with the intent to kill, which is punishable by imprisonment in the penitentiary not exceeding life. Title 21 O.S.Supp.1980, § 652. Thus, the sentence given is well within the statutory limit, and considering the weight of the evidence, it is not excessive. The appellant's contention is without merit.

The conviction is *AFFIRMED*.

CORNISH, P. J., and BUSSEY, J., concur.