Rocky **ESLINGER**, Appellant,

v.

**STATE** of Oklahoma, Appellee.

No. F–85–171.

Court of Criminal Appeals of Oklahoma.

March 18, 1987.

Gene Stipe and Ronnie May Stipe, Gossett, Stipe, Harper, Estes, McCune & Parks, McAlester, for appellant.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Patricia A. Flanagan, Legal Intern, Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, Rocky Eslinger, was convicted of the crime of Knowingly Concealing Stolen Property After Former Conviction of Felony in the District Court of Muskogee County in Case No. CRF-84-18 and was sentenced to twenty (20) years imprisonment, and he appeals.

On September 15, 1983, appellant entered the antique store of Lloyd Johnson in Sulphur, Oklahoma and introduced himself to Mr. Johnson. Mr. Johnson examined the appellant's jewelry and invited him to his home to look at merchandise to trade. When appellant arrived at Johnson's house, they went into the garage and Johnson showed appellant various guns and jewelry.

On December 27, 1983, appellant called Johnson and inquired what his business hours were. Johnson told him the hours, and appellant said that he would come by the store, but failed to do so. On December 30, 1983, Johnson's house was burglarized. The items taken included one safe from the garage containing coins, guns and watches.

On January 5, 1984, Samuel Henry, owner of a jewelry store in Muskogee, was contacted by the appellant. He told Henry that he wanted to sell a coin collection, guns and watches for four thousand dollars ($4,000) cash. Henry told appellant that he would have to discuss that matter with his partner, Jim Dumpelly, and that he would contact appellant that night. Henry talked with Dumpelly and appellant met them at the store that evening at 5:00 p.m. After arriving at the store that evening, Henry gave appellant the keys to the trunk of his car and told appellant to put the items in the trunk. Appellant left the store and returned several minutes later and

gave the keys to Henry. Appellant then agreed to meet Henry at his house at 8:00 p.m. for the decision on whether Henry and Dumpelly would purchase the coin collection. Subsequently, Henry left the store and drove to Dumpelly's house and unloaded the coins and wire cases from his trunk. He and Dumpelly examined the coins and agreed to store all the items in Dumpelly's floor safe except for eleven (11) watches which Henry took to his store. Appellant came to Henry's house that night and was paid $4,000 in cash for the items.

On January 8, 1984, Dick Huitt, Chief Criminal Deputy Sheriff of Muskogee County, received information from a confidential informant that a house containing a large amount of gold and silver, later identified as Jim Dumpelly's house, was to be burglarized. After further investigation, Deputy Huitt and other officers went to Dumpelly's house and were shown a large amount of coins, some guns, and some money bags. Two of the bags were from banks in Sulphur and after calling the sheriff in Sulphur the officers learned that Mr. Johnson's residence in Sulphur had been burglarized and that gold, silver and guns had been stolen. A search warrant was obtained for Henry's business, and other property belonging to Johnson was found there. Subsequently, appellant was arrested and charged with Knowingly Concealing Stolen Property.

Appellant testified at trial and admitted that he sold the stolen items to Henry, but denied that he had any knowledge that the items were stolen. He claims that he simply acted as a "middleman" between an acquaintance, Robert Hollis, and Henry. He testified that he believed the coin collection belonged to Hollis and that he arranged the sale since he knew Henry, but that he never saw the coins. Appellant alleges that even when he went out to put the items in Henry's trunk he gave the keys to Hollis, and that Hollis opened the trunk and put the items in Henry's trunk. Appellant stated that he received a four hundred dollar ($400) commission for finding a buyer. At trial, appellant admitted that he had three (3) prior felony convictions.

■ For his first assignment of error appellant asserts that the verdict was contrary to law and evidence. However, this contention is not supported by argument or autority and will not be considered by this Court. *Hines v. State*, 684 P.2d 1202 (Okl. Cr.1984).

■ In his second assignment of error appellant contends that the evidence presented at trial was insufficient to establish that he knowingly concealed stolen property. He argues that there was insufficient evidence to show that he ever had possession of the stolen items. When the sufficiency of evidence presented at trial is challenged on appeal the relevant question is whether, after reviewing the evidence in the light favorable to the State, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Spuehler v. State*, 709 P.2d 202 (Okl.Cr.1985). The essential elements of the crime of Knowingly Concealing Stolen Property are knowledge that the property was stolen and the act of concealing the property in some manner from the rightful owner. *Fields v. State*, 666 P.2d 1301, 1303 (Okl.Cr.1983). In *Fields*, this Court further stated that:

> The State is not required to prove that an accused had actual knowledge that the property was stolen. It is sufficient to prove that the accused had reasonable cause to believe the property was stolen. And while mere possession of property recently stolen is not alone sufficient proof of such knowledge, that fact supplemented with other facts inconsistent with honest possession does create a question of fact for the jury.

*Id.* at 1303.

■ Although the State did not present direct evidence that any of the witnesses ever observed the items in appellant's possession, the State did present circumstantial evidence that appellant had the items in his possession and supplemented this fact with other facts inconsistent with honest possession. The State presented evidence that appellant viewed the items while they were in Johnson's possession; that he called Johnson to establish his working hours; that he told Henry he had a coin collection that he needed to sell; that he

stated that he had received the coin collection from a relative; that he told Henry the collection had been in his possession a long time; that he was willing to accept one-fourth of the value of the collection; and that he insisted on being paid in cash.

Viewing this evidence in the light most favorable to the State, we are of the opinion that a reasonable trier of fact could have found the essential elements of the crime of Knowingly Concealing Stolen Property beyond a reasonable doubt. This assignment of error is without merit.

As his third assignment of error appellant argues that the trial court erred in giving instructions regarding principals, accessories, and aiders and abettors in that there was no evidence that he aided and abetted any person in concealing stolen property. We disagree.

In the instant case, the defense theory was that appellant contacted Henry for an acquaintance, Robert Hollis, and arranged the sale of the coins. However, appellant testified that he never viewed the coin collection and that he did not know the coins were stolen. If the jury chose to believe that Hollis and appellant participated in the crime together, then it was proper for the court to instruct the jury regarding principals, accessories, aiders and abettors. Therefore, we find that the instructions when considered as a whole fairly and accurately state the applicable law. *Nunley v. State,* 660 P.2d 1052 (Okl. Cr.1983). This assignment lacks merit.

Appellant next contends that improper prosecutorial comments during closing argument prevented him from having a fair trial. When the first of the alleged improper comments was made, defense counsel interposed a timely objection, which was sustained by the trial court. Defense counsel also requested that the comment be stricken from the record and that the district attorney be admonished. However, counsel failed to request that the trial judge admonish the jury not to consider the remarks of the prosecutor. Therefore, the alleged error is waived. *Hickman v. State,* 626 P.2d 873 (Okl.Cr.1981).

Appellant also argues that the trial court improperly overruled his objection to the prosecutor's remark referring to the Habitual Criminal Act. However, appellant was being prosecuted under the Habitual Criminal Statute, and admitted that he had three prior felony convictions. In light of the fact that instruction number eighteen (18) referred to enhancement of a sentence after two or more felony convictions, we find that the prosecutor's comment was a legitimate remark on the evidence. Moreover, since the evidence against appellant is strong, and he received the minimum sentence, we fail to see that the two isolated remarks prevented him from receiving a fair trial. Accordingly, this assignment of error is without merit.

In another assignment of error appellant complains that the trial judge erred when, during preliminary voir dire statements to the jury, he asked jurors if they were impaneled as jurors would they be able to assess punishment. He alleges that the trial judge denied him his right to a presumption of innocence by asking the jurors if they could assess punishment in accordance with the law without prefacing the question with a qualifying statement to the effect that, if they found that the defendant was guilty beyond a reasonable doubt, could they assess punishment.

This assignment is patently frivolous. The trial judge's complete statement clearly shows that he did not deny appellant's right to a presumption of innocence.

Another Instructions [sic] I will give you is that, as jurors, if you find the defendant guilty you will have the duty to assess punishment. Can each and all of you do that? [Jurors nod.] All right. So you're telling me if you're selected as a juror that you will—each of you—assess punishment in accordance with the law? Can each and all of you do that? [Jurors nod.] (Tr. 13).

We find no error in the trial judge's statement to the jury.

In his sixth assignment of error, appellant alleges that the trial court erred in not giving any instructions to the jury that he could be found guilty of the crime charged, but not guilty with regard to the former convictions. When appellant testified in the present case, he admitted, dur-

ing direct examination, that he had three prior felony convictions. Therefore, there is no question of fact for the jury as to whether he is guilty with regard to the former convictions. *Reed v. State*, 580 P.2d 159 (Okl.Cr.1978). This assignment is meritless.

As his final assignment of error appellant contends that the trial court improperly permitted defense counsel to stipulate to the prior convictions without appellant's personal consent. He also argues that the prosecutor improperly introduced the judgments and sentences during the first stage of the trial. However, when, as in this case, the defendant confesses the former convictions under oath, the defendant is not entitled to a bifurcated trial. *Reed*, 580 P.2d at 163. Additionally, it is difficult to perceive that appellant was prejudiced by his attorney's stipulation to the prior convictions in that he confessed the former convictions under oath. We find no error.

Accordingly, the judgment and sentence is AFFIRMED.

BRETT, P.J., concurs.

PARKS, J., concurs in results.