**David Paul LENION, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–86–193.**

Court of Criminal Appeals of Oklahoma.

Oct. 12, 1988.

**382**

David Autry, Asst. Appellate Public Defender, Norman, for appellant.

Robert H. Henry, Atty. Gen., Susan Stewart Dickerson, Asst. Atty. Gen., Oklahoma City, for appellee.

### OPINION

PARKS, Judge:

The appellant, David Paul Lenion, was tried by jury and convicted of Second Degree Burglary (21 O.S.1981, § 1435), After Former Conviction of a Felony (21 O.S. 1981, § 51) in Comanche County District Court, Case No. CRF–84–485, before the Honorable J. Winston Rayburn. He was sentenced to ten (10) years imprisonment, with six (6) years suspended. We reverse and remand for a new trial.

In his second assignment of error, appellant contends that the trial court committed reversible error in failing to conduct a bifurcated trial. We agree. Title 22 O.S. 1981, § 860 states in pertinent part:

> In *all* cases in which the defendant is prosecuted for a second or subsequent offense, except in those cases in which former conviction is an element of the offense, the procedure *shall* be as follows:
>
> (a) The trial *shall* proceed initially as though the offense charged was a first offense; when the indictment or information is read all references to prior offenses *shall* be omitted; during the trial of the case no reference *shall* be made nor evidence received of prior offenses except as permitted by the rules of evidence; the judge *shall* instruct the jury only on the offense charged; the jury *shall* be further instructed to determine only the guilt or innocence on the offense charged, and that punishment at this time *shall* not be determined by the jury. (emphasis added)

The word "shall" is generally construed as mandatory, and not permissive. *See Burrell v. Turner Corp. of Okla., Inc.*, 431 F.Supp. 1018, 1020 (N.D.Okla.1977); *Sneed v. Sneed*, 585 P.2d 1363, 1364 (Okla.1978). *Nickell v. State*, 746 P.2d 1155, 1158 (Okla. Crim.App.1987). *Accord Black's Law Dictionary* 1233 (5th ed. 1979). Nothing in the language of Section 860 indicates that the Legislature intended a different construction of "shall" to apply here.

 Appellant was charged with Second Degree Burglary of an Automobile, After Former Conviction of a Felony. *See* 21 O.S.1981, §§ 51, 1435. Because proof of a former felony conviction is not a necessary element of Second Degree Burglary under Section 1435, the one-stage proceeding held in this case was inappropriate, and contrary to the express requirements of Section 860. *Cf. Hoover v. State*, 738 P.2d 943, 946 (Okla.Crim.App.1987) (one-stage proceeding proper where former conviction is an element of the offense charged). Accordingly, under the mandatory language of Section 860, in the absence of a knowing and voluntary waiver, the trial court had an affirmative duty to hold a bifurcated proceeding.

Prior case law holds that an accused waives his right to a bifurcated trial by failing to file a motion requesting the same prior to entering a plea. *See Hoover v. State*, 738 P.2d 943, 946 (Okla.Crim.App. 1987); *Isom v. State*, 646 P.2d 1288, 1291 (Okla.Crim.App.1982); *Birch v. State*, 603 P.2d 1161, 1162 (Okla.Crim.App.1979); *Williams v. State*, 565 P.2d 46, 49 (Okla. Crim.App.1977). These cases place a burden on the accused which is nowhere found in the language of the statute. Such a judicial gloss cannot be squared with the mandatory language of Section 860, which is ignored by these cases. We hold that a trial judge has an affirmative duty to conduct a birfurcated trial, regardless of whether a defendant has filed a motion for such prior to entering a plea, in all cases in which a defendant is prosecuted for a second or subsequent offense, except where former conviction is an element of the offense charged. 22 O.S.1981, § 860. *Cf. Scott v. State*, 730 P.2d 7, 8 (Okla.Crim. App.1986) (post-examination competency hearing mandated by statute even in absence of request). To the extent that *Hoover, Isom, Birch, Williams*, and any other prior cases are inconsistent with our holding today, they are hereby expressly overruled.

Here, in direct violation of Section 860, the jury was instructed during the guilt-innocence stage that appellant was charged with Second Degree Burglary, After Former Conviction of a Felony. Thus, we believe prejudicial error occurred. In the absence of a knowing and voluntary waiver of this mandatory bifurcated statutory procedure, we find that appellant is entitled to a new trial.

The judgment and sentence is REVERSED and REMANDED for a NEW TRIAL consistent with the views expressed herein.

BRETT, P.J., concurs.

BUSSEY, J., dissents.