**Larry Kenneth RAY, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F–87–551.**

Court of Criminal Appeals of Oklahoma.

March 13, 1990.

Rehearing Denied April 23, 1990.

Pete Gelvin, Oklahoma County Public Defender's Office, Oklahoma City, for appellant.

Robert H. Henry, Atty. Gen., Wellon B. Poe, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

LANE, Vice–Presiding Judge:

Larry Kenneth Ray, Appellant, was tried by jury for the crime of Unauthorized Use of a Vehicle, After Former Conviction of Two or More Felonies (47 O.S.1981, § 4–102) in Oklahoma County District Court, Case No. CRF–86–4513. The jury returned a verdict of guilty and set punishment at forty (40) years imprisonment. The trial court sentenced Appellant accordingly. We AFFIRM.

Shortly after midnight on August 19, 1986, while he was on patrol, Oklahoma City Police Officer Eddie Blosser saw a silver Honda car traveling east on Northeast 23rd street without any lights and straddling the lane line. The driver, later identified as the appellant, sped up and attempted to elude the officer when he signaled the driver to stop. The driver stopped after a brief chase, then sped away when Officer Blosser got out of the patrol car. Officer Blosser resumed the chase. A short time later the Honda crashed into another car which was backing out of a club parking lot. The driver ran from the accident and was pursued by Officer Blosser. At trial, Jean Smith identified the car

as her 1986 Honda, which had been stolen six (6) weeks earlier.

Conflicting testimony was presented at trial on the issue of identity. Blosser testified he never lost sight of the appellant and eventually caught him as he circled back to the scene of the accident and appeared to try to lose himself in the crowd. Appellant testified he was gambling at the club, Pam's Place, and came out after the accident. He admitted during direct-examination that he had ten prior felony convictions. On cross-examination, over defense objections, the prosecutor asked Appellant whether he was represented by counsel on the occasion of each of these convictions and whether he had appealed any of the convictions. Appellant called three witnesses who corroborated his alibi defense. One of these witnesses said he saw the driver of the Honda and the driver was not the Appellant. The credibility of these witnesses was impeached by the fact each had been convicted of one or more felonies.

■ Appellant argues in his first proposition of error that the trial court erred in denying Appellant's motion for new trial based on newly discovered evidence. The newly discovered evidence is the testimony of Jesse Stone that he was the driver who ran from the Honda. At the hearing on Appellant's motion Stone was questioned extensively. His testimony was contradictory and lacked meaningful detail. His credibility was impeached by his felony record.

We begin our analysis with the clear understanding that the decision to grant or deny a motion for new trial on the basis of newly discovered evidence is within the discretion of the trial court and will not be reversed by this Court unless the trial court has abused this discretion. *Clouse v. State*, 622 P.2d 720, 722 (Okl.Cr.1980). This Court has established a four-part test for determining whether the trial court abused its discretion in denying a motion for new trial based on newly discovered evidence. If the evidence satisfies each of the following conditions, the trial court should have granted the motion for new trial. The evidence must be material; it

must have been undiscoverable despite due diligence by the accused or counsel; the evidence must not be cumulative; and there must exist a reasonable probability that the evidence would cause the jury to have a reasonable doubt as to the defendant's guilt. *See Sheppard v. State*, 731 P.2d 989 (Okl.Cr.1987).

We find the newly discovered evidence does not satisfy each condition, and thus the trial court properly denied Appellant's motion for new trial. The evidence is material and there is no indication it could have been discovered with due diligence. However, it is cumulative. Appellant testified he was not the driver; each of his alibi witnesses testified he was not the driver. One of the alibi witnesses testified he saw the driver. We do not find that there exists a reasonable probability that this evidence would have changed the jury's verdict. *See Stoner v. State*, 568 P.2d 298 (Okl.Cr.1977).

■■■■ Appellant's remaining assertions of error address issues which stem from his admission, during direct examination, of ten (10) prior felony convictions. Appellant argues the trial court improperly allowed the state to cross-examine him regarding the finality of judgment and thereby denied him a bifurcated trial and violated his Fifth Amendment right against self-incrimination. Appellant's argument is unpersuasive. It is well established in this jurisdiction that a defendant who confesses the former convictions under oath is not entitled to a bifurcated trial. *See e.g. Eslinger v. State*, 734 P.2d 830 (Okl.Cr.1987), *Reed v. State*, 580 P.2d 159 (Okl.Cr.1978). Once an appellant waives the statutory protection of the bifurcated trial set forth in 22 O.S.1981, § 860, the State may establish on cross-examination the finality of judgment for purpose of enhancement. Appellant also disregards the well established rule of law that a defendant who asserts the constitutional right of testifying in his or her own behalf waives the constitutional right of remaining silent and is subject to the same rules of cross-examination and impeachment as other witnesses. *See Barn-*

*hart v. State*, 302 P.2d 793 (Okl.Cr.1956), *Fite v. State*, 526 P.2d 956 (Okl.Cr.1974).

■■■■ Appellant next argues that the trial court should have advised him prior to his testimony of the fact that if he testified, he would waive the bifurcated trial and would be subject to cross-examination regarding the finality of previous judgments. Appellant concedes trial counsel advised him that if he testified his prior convictions could be brought in to evidence. The record reveals Appellant testified against trial counsel's advice.

The authority Appellant cites in support of his position is not on point. Each of the cases cited hales from our sister state of California and applies a rule of practice created by the California Supreme Court. The rule is imposed on a trial court which accepts a plea of guilty or stipulation to prior convictions from a non-testifying defendant. This rule, created by *In re Yurko*, 10 Cal.3d 857, 112 Cal.Rptr. 513, 519 P.2d 561 (1974) requires the trial court to create a record similar to that created for a guilty plea, showing the admission was entered knowingly and voluntarily. We do not impose such a rule. *See Eslinger*, 734 P.2d at 834.

Even if we ignore, for the sake of argument, the many differences between our own criminal procedure and that of California, the cases cited by Appellant plainly do not apply to his case. He did not plead guilty or stipulate to former convictions. He exercised his express constitutional right to testify in his own behalf. *See* Okla. Const. art. II, § 20. The fact that he then faced the unpleasant alternative of testifying on direct examination regarding the prior convictions in an attempt, as he says, to remove their "sting", or exposing himself to impeachment on cross-examination, does not compel us to burden this fundamental right. The trial court properly accepted Appellant's testimony.

■■■■ Appellant urges in his final proposition of error that the trial court violated his constitutional right to due process by failing to instruct the jury that it could find Appellant not guilty of the previous felony convictions. The trial court instructed the

jury that it could find Appellant not guilty, or guilty of unauthorized use of a motor vehicle after former conviction of two (2) or more felonies. The controlling law in Oklahoma is well settled. When a defendant admits under oath to a former conviction, no question of fact remains in this regard for the jury to decide. *Jones v. State*, 527 P.2d 169, 173 (Okl.Cr.1974). Appellant urges us to adopt the position of the special concurrence in *Hanson v. State*, 716 P.2d 688 (Okl.Cr.1986) and hold that even where the defendant admits to former convictions the jury should be given the option of finding the defendant not guilty of some or all of those former convictions. We have carefully considered this question and conclude the rule announced in *Jones* and followed since that time is correct and was applied properly by the trial court in this case.

Finding no error warranting modification or reversal, we AFFIRM the judgment and sentence of the trial court.

BRETT, LUMPKIN and JOHNSON, JJ., concur.

PARKS, P.J., specially concurs.

PARKS, Presiding Judge, Specially Concurring:

With respect to appellant's second, third and fourth assignments of error, I reiterate my disagreement with this Court's position regarding a defendant's admission of prior convictions. As I stated in my separate opinion in *Hanson v. State*, 716 P.2d 688 (Okl.Cr.1986), the decision whether to find an accused guilty of a former conviction is always within the province of the jury. *Id.* at 690. However, I am compelled to concur with the result in this opinion as a matter of *stare decisis*.