977 F.2d 596
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Larry K. RAY, Petitioner-Appellant,
v.
Jack COWLEY; Attorney General of the State of Oklahoma,
Respondents-Appellees.
 No. 92-6057.
 United States Court of Appeals, Tenth Circuit.
 Sept. 25, 1992.
 
 Before SEYMOUR, STEPHEN H. ANDERSON and BALDOCK, Circuit Judges.*
 ORDER AND JUDGMENT**
 BALDOCK, Circuit Judge.
 
 
 1
 Petitioner Larry K. Ray appeals from the denial of his pro se habeas corpus petition, 28 U.S.C. § 2254, and seeks a certificate of probable cause, Fed.R.App.P. 22(b), and leave to proceed in forma pauperis. Id. 24(a); 10th Cir.R. 24.1. Petitioner contended below that he was denied his right under state law to a bifurcated trial in a recidivist proceeding, see Okla.Stat.Ann. tit. 22, § 860 (West 1986), and that he was denied his Fourteenth Amendment right to a fair and impartial trial due to prosecutorial comment on his prior convictions during voir dire. The district court referred the petition to a magistrate who liberally construed the petition to include an allegation of ineffective assistance of both trial and appellate counsel. The magistrate, without the benefit of an evidentiary hearing, reached the merits of Petitioner's claims and recommended that the petition be denied. The district court adopted the magistrate's report in its entirety and dismissed the petition on the merits and denied Petitioner's request for a certificate of probable cause and leave to proceed in forma pauperis. On appeal, Petitioner again contends that he was denied effective assistance of trial and appellate counsel, and argues that he was denied his right against self-incrimination. We have jurisdiction under 28 U.S.C. § 1291, see Ray v. Cowley, No. 92-6057 (10th Cir. Sept. 24, 1992), and our review is de novo. Monk v. Zelez, 901 F.2d 885, 888 (10th Cir.1990).
 
 
 2
 Petitioner was charged in Oklahoma state court with unauthorized use of a vehicle, Okla.Stat.Ann. tit. 47, § 4-102 (West 1988), after two or more felony convictions. Id. tit. 21, § 51(B) (West 1983). Petitioner had ten prior felony convictions. Because he was charged as a recidivist, Petitioner had a statutory right to a bifurcated trial at which his guilt or innocence of the auto theft charge would be determined at the initial phase without reference to the prior convictions except as permitted by the rules of evidence, and, if Petitioner was found guilty, the jury would be presented evidence of his prior convictions at a second phase and would determine the fact of the priors and the sentence. See id. tit. 22, § 860 (West 1986).
 
 
 3
 Petitioner was represented by the Oklahoma Public Defender's Office. Prior to trial, Petitioner told his attorney that he wanted to testify on his own behalf despite counsel's advisement against doing so. Petitioner's counsel informed him that if he testified, his prior felony convictions would be admitted. Petitioner's trial counsel conveyed Petitioner's desire to testify to the trial court and the prosecutor at a pretrial conference.
 
 
 4
 During voir dire and opening statement, the prosecutor told the jury that Petitioner had ten prior felony convictions, that he was on house arrest at the time he committed the alleged crime, that he was "gambling and drinking," and that "the state has gave [sic] this man enough chances." Petitioner's counsel did not object to these statements by the prosecutor.
 
 
 5
 The evidence against Petitioner at trial consisted entirely of the testimony of the arresting officer who identified Petitioner as the driver of a stolen car. Petitioner testified on his own behalf, denying that he was the driver of the car.[1] On direct examination, Petitioner admitted that he had ten prior felony convictions. On cross-examination, the trial court permitted the prosecutor to question Petitioner, over defense counsel's objection, about the circumstances surrounding these convictions in greater detail.
 
 
 6
 Because Petitioner admitted to the ten prior convictions, the trial court did not bifurcate the proceeding. The jury found Petitioner guilty of the auto theft charge and sentenced Petitioner to a forty-year term of imprisonment.[2] See id. § 51(B) (West 1983) (twenty year minimum for felony conviction with two or more prior felony convictions within past ten years). The Oklahoma Court of Criminal Appeals affirmed Petitioner's conviction on appeal. Ray v. State, 788 P.2d 1384 (Okla.Crim.App.1990). Petitioner's subsequent state court petition for post-conviction relief was denied by the Oklahoma state district court and this denial was affirmed on appeal. Ray v. State, No. PC-91-66 (Okla.Crim.App. Mar. 25, 1991). The present petition for federal habeas corpus relief followed.
 
 
 7
 Petitioner contends that he was denied effective assistance of trial and appellate counsel due to his trial counsel's failure to object to the prosecutor's comments regarding his prior convictions during voir dire and opening statement and his appellate counsel's failure to raise this issue on direct appeal. In order to prevail on an ineffective assistance of counsel claim, Petitioner must show that "counsel's representation fell below an objective standard of reasonableness," Strickland v. Washington, 466 U.S. 668, 688 (1984), and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. We "indulge a strong presumption that counsel's conduct falls within the range of reasonable professional assistance...." Id. Under Oklahoma law, a court or prosecutor's reference to the defendant's prior conviction or introduction of evidence to that effect in the initial stage of a § 860 bifurcated proceeding is reversible error unless the prior conviction is an element of the charged offense. Gamble v. State, 751 P.2d 751, 753 (Okla.Crim.App.), cert. denied, 488 U.S. 835 (1988). As Gamble was clearly the law in Oklahoma at the time of Petitioner's trial, we will assume without deciding that counsel's failure to object to the prosecutor's comments was objectively unreasonable. However, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." Strickland, 466 U.S. at 691. While Oklahoma courts have recognized the inherent prejudicial effect of admitting evidence of prior convictions at the initial stage of a bifurcated recidivist proceeding, see Gamble, 751 P.2d at 753; Harris v. State, 369 P.2d 187, 194 (Okla.Crim.App.1962), we believe that the prosecutor's comments in the present case were rendered harmless when Petitioner took the stand, contrary to the advice of defense counsel, and admitted to the prior convictions on direct examination. Indeed, the Oklahoma Court of Criminal Appeals noted in Petitioner's direct appeal that he waived his statutory right to a bifurcated trial and the procedural protections thereby afforded him when he admitted to the priors on direct examination. Ray, 788 P.2d at 1386-87. Petitioner has not alleged that, but for the improper prosecutorial comment, he would have refrained from testifying. Cf. Hill v. Lockhart, 474 U.S. 52, 59 (1985) (to establish prejudice of alleged ineffective assistance in context of guilty plea, defendant must prove that, but for counsel's errors, there was a reasonable probability that he would not have pleaded guilty). Accordingly, Petitioner has failed to affirmatively prove prejudice, see Strickland, 466 U.S. at 691; therefore, his ineffective assistance of counsel claim falls short.
 
 
 8
 Petitioner next contends that he was denied his right against self-incrimination. As we understand Petitioner's argument, he claims that after he took the stand and admitted to the priors on direct examination, the trial court compelled him to testify to the finality of the priors on cross-examination which took the issue of the fact of the priors away from the jury. Despite our liberal construction of Petitioner's pleadings, we cannot reasonably discern this argument from either the petition or traverse filed in the district court. Therefore, we do not consider this argument on appeal. See Gillihan v. Shillinger, 872 F.2d 935, 938 (10th Cir.1989) (per curiam).
 
 
 9
 Petitioner did argue below, in the context of his claim that he was denied his statutory right to a bifurcated trial, that his admission to the prior convictions was effectively a guilty plea to the recidivist charge, and that the trial court should have expressly advised him, prior to permitting him to testify, that he was waiving his right to a jury trial, right against self-incrimination, and right to confrontation. To the extent that we can read his present self-incrimination argument as reiterating this argument, we find it to be without merit. Whether a state provides criminal defendants with a separate trial for the determination of prior convictions is a matter of state law and not federal due process. See Oyler v. Boles, 368 U.S. 448, 452 (1962). A fortiori, it is a matter of state law whether Petitioner validly waived his right to a bifurcated trial under Okla.Stat.Ann. tit. 22, § 860(b) (West 1986).[3] Errors under state law are not cognizable in a federal habeas corpus action. Pulley v. Harris, 465 U.S. 37, 41 (1984); Davis v. Reynolds, 890 F.2d 1105, 1109 n. 3 (10th Cir.1989). While state law errors which render the trial as a whole fundamentally unfair may entitle a habeas petitioner to relief, Tapia v. Tansey, 926 F.2d 1554, 1557 (10th Cir.), cert. denied, 112 S.Ct. 115 (1991), we cannot say that the trial court's failure to inform Petitioner that he would waive his right to a bifurcated trial rendered the proceeding fundamentally unfair given that Petitioner was informed by his attorney that if he testified the prior convictions would be admitted, and Petitioner testified against the advice of his own counsel.
 
 
 10
 Petitioner's request for a certificate of probable cause and leave to proceed in forma pauperis is GRANTED. In all other respects, we AFFIRM the district court's denial of the petition for a writ of habeas corpus.
 
 
 
 *
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case therefore is ordered submitted without oral argument
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Petitioner also presented three witnesses to corroborate his alibi defense each of whom had their credibility impeached with prior felony conviction(s)
 
 
 [2]
 Under Oklahoma law, the jury is charged with assessing punishment. See Okla.Stat.Ann. tit. 22, § 926 (West 1986). See also Reddell v. State, 543 P.2d 574, 581 (Okla.Crim.App.1975) (defendant may not waive his right to have jury assess punishment). Although the recidivist statute carries a mandatory minimum sentence, there is no statutory maximum sentence
 
 
 [3]
 Oklahoma law does not require trial courts to inform defendants in § 860 proceedings that they will waive their right to a bifurcated trial and to have the jury determine the fact of the prior convictions if the defendant admits under oath to the prior convictions. See Ray, 788 P.2d at 1386