OSCN Found Document:IN RE ADOPTION OF THE 2025 REVISIONS TO THE OKLAHOMA UNIFORM JURY INSTRUCTIONS CRIMINAL (SECOND EDITION)

 

 
 

 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 IN RE ADOPTION OF THE 2025 REVISIONS TO THE OKLAHOMA UNIFORM JURY INSTRUCTIONS CRIMINAL (SECOND EDITION)
2025 OK CR 13
Case Number: CCAD-2025-1
Decided: 09/12/2025
THE COURT OF CRIMINAL APPEALS OF THE STATE OF OKLAHOMA
Cite as: 2025 OK CR 13, __ P.3d __

 

IN RE: ADOPTION OF THE 2025 REVISIONS TO THE OKLAHOMA UNIFORM JURY INSTRUCTIONS CRIMINAL (SECOND EDITION)

ORDER ADOPTING AMENDMENTS TO OKLAHOMA
UNIFORM JURY INSTRUCTIONS-CRIMINAL (SECOND EDITION)

¶1 On May 9, 2025, the Oklahoma Court of Criminal Appeals Committee for Preparation of Uniform Criminal Jury Instructions (Committee) submitted its report and recommendations to the Court for adoption of amendments to Oklahoma Uniform Jury Instructions-Criminal (Second Edition) (OUJI-CR (2d)). The Court has reviewed the report and recommendations by the Committee for the adoption of the proposed 2025 revisions to the Uniform Jury Instructions. Pursuant to 12 O.S.2021, § 577.1

¶2 IT IS THEREFORE ORDERED ADJUDGED AND DECREED that the report of the Committee shall be accepted, and its revisions adopted. The revisions shall be available for access via the internet from this Court's website at www.okcca.net on the date of this order and provided to West Publishing Company for publication. The Administrative Office of the Courts is requested to duplicate and provide copies of the revisions to the judges of the District Courts and the District Courts of the State of Oklahoma are directed to implement the utilization of these revisions effective on the date of this order.

¶3 IT IS FURTHER ORDERED ADJUDGED AND DECREED that the amendments to existing OUJI-CR (2d) instructions, and the adoption of new instructions, as set out in the following designated instructions and attached to this order, are adopted, to wit:

10-13, 10-13A, 10-17, 10-19, 10-21, and 10-22.

¶4 The Court also accepts and authorizes the updated committee comments to be published, together with the above styled revisions and each amended page in the revisions to be noted at the bottom as follows "(2025 Supp.)".

¶5 FURTHERMORE the Court, along with the Committee, both recognize that these instructions may not cover every situation presented in a case impacted by the Sentencing Modernization Act of 2024. See 21 O.S.Supp.2024, §§ 20Aet seq. For example, the Committee identifies Instruction 10-21 as one that may not satisfy every fact scenario presented to a trial court. See OUJI CR(2d) (2025 Supp.) 10 21, Committee Comments ("The realities of sentencing under the Sentencing Modernization Act of 2024 may be more complex than this Instruction addresses. Cases that might not be accounted for in this Instruction include: those in which the defendant's prior convictions are an element of the offense; cases in which the defendant has prior convictions under both Classes A, B, or Y and C or D; and cases in which the defendant has convictions for offenses from other jurisdictions that differ in material ways from offenses under Oklahoma law."). Some instructions impacted by this statutory change may require discretion by the trial court and further modification of instructions and bifurcation procedures to satisfy the requirements of a fair trial. See 12 O.S.2021, § 577.2

¶6 THIS COURT COMMENDS the members of the Oklahoma Court of Criminal Appeals Committee for Preparation of Uniform Criminal Jury Instructions for their ongoing efforts to provide up to date Uniform Jury Instructions to the bench and the bar of the State of Oklahoma.

¶7 IT IS SO ORDERED.

¶8 WITNESS OUR HANDS AND THE SEAL OF THIS COURT this ___12th______ day of September, 2025.

/S/__________________________________________________
GARY L. LUMPKIN, Presiding Judge

/S/__________________________________________________
WILLIAM J. MUSSEMAN, Vice Presiding Judge

/S/__________________________________________________
DAVID B. LEWIS, Judge

/S/__________________________________________________
ROBERT L. HUDSON, Judge

/S/__________________________________________________
SCOTT ROWLAND, Judge

ATTEST:

/S/_____________________
Clerk

OUJI-CR 10-13
RETURN OF VERDICT -- BASIC INSTRUCTION

If you find beyond a reasonable doubt that the defendant committed the crime of [Crime Charged], you shall return a verdict of guilty by marking the Verdict Form for the crime of [Crime Charged] appropriately.

If you have a reasonable doubt of the defendant's guilt of the charge of [Crime Charged], or you find that the State has failed to prove each element of [Crime Charged] beyond a reasonable doubt, you shall return a verdict of not guilty by marking the Verdict Form appropriately.

If you find the defendant guilty, you shall then determine the proper punishment. The crime of [Crime Charged] is punishable by [State Range of Punishment (including any mandatory fine)]. [You may also impose a fine of not exceeding one/ten thousand dollars ($1,000/10,000).] When you have decided on the proper punishment, you shall fill in the appropriate space on the Verdict Form for the crime of [Crime Charged] and return the verdict to the Court.

Notes on Use

This instruction should be used in cases where there are no lesser included offenses charged, and there is no sentence enhancement for prior convictions. For instructions in cases involving lesser included offenses, see OUJI-CR 10-23 through 10-27. For instructions in cases involving sentence enhancement for prior convictions, see OUJI-CR 10-15 through 10-22. OUJI-CR 10-13A or 10-13B should be used for crimes listed in 21 O.S. Supp. 2017 2024, § 13.1, and OUJI-CR 10-13C should be used for crimes requiring post-imprisonment community supervision.

The Oklahoma Sentencing Modernization Act of 2024 (the "Sentencing Act") is effective beginning on January 1, 2026. 2024 Okla. Sess. Law Serv. Ch. 366 (H.B. 1792). It applies to crimes committed on or after that date. Witherow v. State, 2017 OK CR 17, ¶ 6, 400 P.3d 902, 904. The Sentencing Act establishes a classification system for felonies that has 15 classes. 21 O.S. Supp. 2024, § 20A. The punishments for Classes Y, A1, A2, A3, B1, B2, B3, B4, B5, and B6 are as provided for in the Oklahoma Statutes for the various crimes. 21 O.S. Supp. 2024, §§ 20B-20K. However, the punishments for Classes C1, C2, D1, D2, and D3 are uniform for each class, except for certain specified crimes. 21 O.S. Supp. 2024, §§ 20L-20P. See the chart below.

At the time of adoption, the Sentencing Act provided for the ranges of punishment for a first offense that are shown in the above chart. In order to instruct the jury on the proper range of punishment, the trial court must determine the class of the crime, and if the crime is in Class C1, C2, D1, D2, or D3, the court must adapt the sentencing instructions to the particular class of the crime in the Sentencing Act. For example, the range of punishment for Class C1 is "imprisonment in the custody of the Department of Corrections for a term of not more than eight (8) years." Instruction 10-13A should be given with this instruction for the crimes specified in 21 O.S. Supp. 2024, §§ 13.1, 20L, 20M, 20N, 20O, or 20P.

For any offense for which no fine is otherwise provided by law, the punishment may include a fine imposed under 21 O.S. 2011 2021, § 64. Daniels v. State, 2016 OK CR 2369 P.3d 381Fite v. State, 1993 OK CR 58873 P.2d 293Daniels v. State, as follows: "The crime of SHOOTING WITH INTENT TO KILL is punishable by imprisonment in the state penitentiary not exceeding life. In addition, you may also impose a fine not exceeding ten thousand ($10,000.00) dollars." 2016 OK CR 2369 P.3d 381

If there are multiple counts, this instruction should be repeated for each count, and the instruction should conclude with the statement: "You may find the defendant guilty of [one or both] [some or all] counts or not guilty of [one or both] [some or all] counts."

The Committee recommends individual Verdict Forms on separate sheets of paper for each Count. A Verdict Form to go with this instruction is provided in OUJI-CR 10-14, infra.

OUJI-CR 10-13A
REQUIRED SERVICE OF 85% PERCENTAGE OF SENTENCE

A person convicted of [Specify Crime in 21 O.S. Supp. 2019 2024, §§ 13.1, 20L, 20M, 20N, 20O, or 20P] in Count [Specify Number] shall be required to serve not less than eighty-five percent (85%) [Specify Applicable Percentage] of the sentence imposed before becoming eligible for consideration for parole and shall not be eligible for any credits that will reduce the length of imprisonment to less than eighty-five percent (85%) [Specify Applicable Percentage] of the sentence imposed.

______________________________

Statutory Authority: 2019 2024, § 13.1

Notes on Use

This Instruction should be given only for counts where the applicable percentages are fixed for the particular case. If there are prior convictions, the applicable percentage may change depending on the classification and number of the prior convictions. See OUJI-CR 10-17, 10-19, and 10-21, infra.

This Instruction must be given in trials for crimes specified in 21 O.S. Supp. 2019 2024, §§ 13.1 20L, 20M, 20N, 20O, or 20P that occurred after the effective date of the inclusion of the offense in the statute. Anderson v. State, 2006 OK CR 6130 P.3d 2732019 2024, § 13.1 that mandate limitations on parole and credits. See, e.g., 21 O.S. 2011 2021, § 801 (robbery with dangerous weapon -- minimum of ten years); 47 O.S. 2011 2021, § 1503(J) (operation of chop shop -- minimum of 1 year); (F) (distribution of controlled dangerous substance within 2,000 feet of a school); 63 O.S. Supp. 2019 2024, § 2-401(G) (manufacture of controlled dangerous substance -- 85%); 63 O.S. 2021, § 2-415(D) (trafficking in a controlled dangerous substance -- 50%). This Instruction should be modified as appropriate to incorporate the crimes in these statutes. If life imprisonment is an option, OUJI-CR 10-13B should be used instead of this Instruction.

If there are multiple counts where this Instruction is applicable, the pattern for this instruction should be repeated for each count.

 

Committee Comments

In Anderson v. State, 2006 OK CR 6130 P.3d 273Anderson case involved a life sentence, however, and so, this statement was not a part of the Court's holding. Section 13.1 as well as the other statutes that mandate limitations on parole and credits do not provide exceptions for sentences for over 45 years. Accordingly, the Committee has concluded that this Instruction should be given even if the possible sentence is for more than 45 years.

Because Anderson did not address the issue of the possibility of commutation of a sentence by the Governor upon a recommendation by a majority of the Pardon and Parole Board, in accordance with Okla. Const. Art. 6, § 10, this Instruction does not address this issue.

 

OUJI-CR 10-17
PRIOR CONVICTIONS ADMITTED (SINGLE STAGE)

If you find beyond a reasonable doubt that the defendant committed the crime of [Crime Charged], you shall return a verdict of guilty by marking the Verdict Form appropriately. If you have a reasonable doubt of the defendant's guilt to the charge of [Crime Charged], or you find that the State has failed to prove each element of [Crime Charged] beyond a reasonable doubt, you shall return a verdict of not guilty by marking the Verdict Form appropriately.

The defendant has admitted that he/she has [Specify Number] previous conviction(s). You may not consider this/these previous conviction(s) as proof of guilt in the case before you. You may consider the previous conviction(s) for the purpose of determining the punishment if you find that the defendant is guilty of the crime of [Crime Charged] in the present case.

The punishment for [Crime Charged] after [Number] previous conviction(s) is imprisonment in the custody of the Department of Corrections for a term of [Specify Term Provided in 21 O.S. 2011 2021 & Supp. 2019 2024, §§ 51.1(A), or 51.1a, 20L(C), 20M(C), 20N(C), 20O(C), or 20P(C)] years. [If convicted, the defendant must serve at least [Specify Applicable Percentage] of the sentence imposed before release from custody including release to electronic monitoring]. When you have decided on the proper punishment, you should fill in the appropriate space on the verdict form and return the verdict to the Court.

______________________________

Statutory Authority: 21 O.S. 2011 & Supp. 2019 2021 & Supp. 2024, §§ 20L, 20M, 20N, 20O, 20P, 51.1, 51.1a.

Notes on Use

This instruction should be used if the defendant has waived bifurcation and admitted the prior convictions or the prior convictions were introduced by the prosecutor after the defendant took the stand.

A Verdict Form to go with this instruction is provided in OUJI-CR 10-18, infra.

Committee Comments

The defendant may waive bifurcation expressly so that the jury will be made aware of the severity of punishment when it makes its determination of guilt. See Jones v. State, 1974 OK CR 172527 P.2d 169 overruled on other grounds, Fulton v. State, 1975 OK CR 200541 P.2d 871But cf. Lenion v. State, 1988 OK CR 230763 P.2d 381See also Eslinger v. State, 1987 OK CR 53734 P.2d 830Ray v. State, 1990 OK CR 15788 P.2d 1384Reed v. State, 1978 OK CR 58580 P.2d 159

OUJI-CR 10-19
RETURN OF VERDICT --
PRIOR CONVICTIONS STIPULATED ADMITTED (SECOND STAGE)

By your verdict in the first part of this trial you have already found the defendant guilty of the crime of [Crime Charged]. You must now determine the proper punishment.

The defendant has admitted that he/she has [Specify Number] previous conviction(s). The punishment for [Crime Charged] after [Specify Number] previous conviction(s) is imprisonment in the custody of the Department of Corrections for a term of [Specify Term Provided in 21 O.S. 2011 2021 & Supp. 2019 2024, § 51.1(A), or 51.1a, 20L(C), 20M(C), 20N(C), 20O(C), or 20P(C)] years. [If convicted, the defendant must serve at least [Specify Applicable Percentage] of the sentence imposed before release from custody including release to electronic monitoring]. When you have decided on the proper punishment, you should fill in the appropriate space on the verdict form and return the verdict to the Court.

______________________________

Statutory Authority: 21 O.S. 2011 & Supp. 2019 2021 & Supp. 2024, §§ 20L, 20M, 20N, 20O, 20P, 51.1, 51.1a.

Notes on Use

This instruction should be used in cases where sentence enhancement is sought for prior convictions and the defendant has stipulated to admitted the fact of the prior convictions. For a second stage instruction for cases where the defendant has not stipulated to admitted the prior convictions, see OUJI-CR 10-21.

If there are multiple counts, the pattern for this instruction should be repeated for each count.

A Verdict Form for the second stage where the prior convictions have been stipulated to admitted is provided in OUJI-CR 10-20, infra.

OUJI-CR 10-21
RETURN OF VERDICT --
PRIOR CONVICTIONS CONTESTED (SECOND STAGE)

By your verdict in the first part of this trial you have already found the defendant guilty of the crime of [Crime Charged]. You must now determine the proper punishment.

The defendant has been charged with having previously been convicted of: [List Prior Convictions (and if Applicable, Classifications)]. The law presumes that the defendant has NOT been previously convicted as the State has charged. You may consider the previous conviction(s) only if the State has proved beyond a reasonable doubt:

1. The fact of the conviction(s); and

2. That the defendant is the same person who was previously convicted.

The punishment for [Crime Charged] after (2 [or more])/(3 [or more]) previous convictions is imprisonment in the State penitentiary for a term of [Specify Term Provided in 21 O.S. Supp. 2004 2021 & Supp. 2024, §§ 20L(C), 20M(C), 20N(C), 20O(C), 20P(C), 51.1(B), or 51.1(C)] years. [If convicted, the defendant must serve at least [Specify Applicable Percentage] of the sentence imposed before release from custody including release to electronic monitoring.] If you find the defendant guilty of [Crime Charged] after (2 [or more])/(3 [or more]) previous convictions, you shall return a verdict of guilty by marking the verdict form appropriately, fill in the appropriate space on the verdict form and return the verdict to the court. If you have a reasonable doubt of the defendant's guilt to the charge of [Crime Charged] after (2 [or more])/(3 [or more]) previous convictions, you shall then consider whether the defendant is guilty of [Crime Charged] after 1/(1 or 2) previous conviction.

The punishment for [Crime Charged] after 1/(1 or 2) previous conviction(s) is imprisonment in the State penitentiary for a term of [Specify Term Provided in 21 O.S. 2001 & Supp. 2004 2021 & Supp. 2024, § 20L(C), 20M(C), 20N(C), 20O(C), 20P(C)], 51.1(A), or 51.1a, or 51.3] years. [If convicted, the defendant must serve at least [Specify Applicable Percentage] of the sentence imposed before release from custody including release to electronic monitoring.] If you find the defendant guilty of [Crime Charged] after 1/(1 or 2) previous conviction(s), you shall return a verdict of guilty by marking the verdict form appropriately, fill in the appropriate space on the verdict form and return the verdict to the court. If you have a reasonable doubt of the defendant's guilt to the charge of [Crime Charged] after 1/(1 or 2) previous conviction, you shall then determine the proper punishment for the crime of [Crime Charged] without regard to a previous conviction.

The crime of [Crime Charged] without a previous conviction is punishable by imprisonment in the State penitentiary for a term of [State Range of Punishment]. [If convicted, the defendant must serve at least [Specify Applicable Percentage] of the sentence imposed before release from custody including release to electronic monitoring.]

When you have decided on the proper punishment, you shall fill in the appropriate space on the verdict form and return the verdict to the Court.

______________________________

Statutory Authority: 21 O.S. 2011 & Supp. 2019 2021 & Supp. 2024, §§ 20L, 20M, 20N, 20O, 20P, 51.1, 51.1a.

Notes on Use

This instruction should be used for the second stage of the jury deliberation in cases where sentence enhancement is sought for prior convictions. The Oklahoma Sentencing Modernization Act of 2024 (the "Sentencing Act") is effective beginning on January 1, 2026, and it applies only to crimes committed on or after that date. Witherow v. State, 2017 OK CR 17, ¶ 6, 400 P.3d 902, 904. For crimes committed before January 1, 2026, courts should omit references to the statute's classifications in the instructions.

The sentencing enhancement provisions in 21 O.S. 2021, § 51.1 differ from those in 21 O.S. Supp. 2024 §§ 20L, 20M, 20N, 20O, or 20P. Under 21 O.S. 2021, § 51.1, there are two levels of enhancement: for one prior conviction and the other for two or more prior convictions. However, under the Oklahoma Sentencing Modernization Act of 2024, the two levels of sentencing enhancement are one level for one or two prior Class C or D convictions and the other level for three or more prior Class C or D convictions (or one or more Class Y, Class A, or Class B convictions). See the chart below.

The trial judge should select the appropriate enhancement level to instruct the jury. All paragraphs of the instruction should be used where the defendant is charged with 2 or more prior convictions under 21 O.S. 2021, § 51.1 or 3 or more prior convictions under 21 O.S. Supp. 2024, §§ 20L, 20M, 20N, 20O, or 20P, but the third paragraph should be omitted if the defendant is charged with only 1 prior conviction under 21 O.S. 2021, § 51.1, or 1or 2 prior Class C or D convictions under 21 O.S. Supp. 2024, §§ 20L, 20M, 20N, 20O, or 20P.

This template does not cover all possible combinations of prior convictions. Trial courts should customize this Instruction to fit the particular case.

If there are multiple counts, the pattern for this instruction should be repeated for each count.

A Verdict Form for the Second Stage where two prior convictions are charged is provided in OUJI-CR 10-22, infra.

Committee Comments

The prosecution has the burden of proving that the defendant on trial is the same person as the defendant listed on a prior judgment of conviction. Cooper v. State, 1991 OK CR 54810 P.2d 1303overruling Henager v. State, 1986 OK CR 20716 P.2d 669

The realities of sentencing under the Sentencing Modernization Act of 2024 may be more complex than this Instruction addresses. Cases that might not be accounted for in this Instruction include: those in which the defendant's prior convictions are an element of the offense; cases in which the defendant has prior convictions under both Classes A, B, or Y and C or D; and cases in which the defendant has convictions for offenses from other jurisdictions that differ in material ways from offenses under Oklahoma law.

OUJI-CR 10-22
VERDICT FORM -- PRIOR CONVICTIONS 
CONTESTED (SECOND STAGE)

IN THE DISTRICT COURT OF THE ________ JUDICIAL 
DISTRICT OF THE STATE OF OKLAHOMA 
SITTING IN AND FOR _________ COUNTY

 
 
 
 THE STATE OF OKLAHOMA
 
 
 )
 
 
  
 
 
 
 
  
 
 
 )
 
 
  
 
 
 
 
 Plaintiff,
 
 
 )
 
 
  
 
 
 
 
  
 
 
 )
 
 
  
 
 
 
 
 v.
 
 
 )
 
 
 Case No._____________
 
 
 
 
  
 
 
 )
 
 
  
 
 
 
 
 JOHN DOE
 
 
 )
 
 
  
 
 
 
 
  
 
 
 )
 
 
  
 
 
 
 
 Defendant.
 
 
 )
 
 
  
 
 
 

VERDICT (SECOND STAGE)

COUNT 1 -- [CRIME CHARGED]

We, the jury, empaneled and sworn in the above-entitled cause, do, upon our oaths, find as follows:

Defendant is:

[Check and complete only one.]

______ Guilty of the crime of [Crime Charged] after two (2) [or more] [Specify Number and, if Applicable, Classifications of Offenses for Prior Convictions from or 21 O.S. Supp. 2024, §§ 20L, 20M, 20N, 20O, or 20P] previous convictions and fix punishment at __________________.

______ Guilty of the crime of [Crime Charged] after [Specify Alternative Number and, if Applicable, Classifications of Offenses for Prior Convictions from or 21 O.S. Supp. 2024, §§ 20L, 20M, 20N, 20O, or 20P] previous convictions and fix punishment at __________________.

______ Guilty of the crime of [Crime Charged] after one (1) previous conviction [Specify Alternative Number and, if Applicable, Classifications of Offenses for Prior Convictions from or 21 O.S. Supp. 2024, §§ 20L, 20M, 20N, 20O, or 20P] and fix punishment at _____________________.

______ Guilty of the crime of [Crime Charged] and fix punishment at _______________________.

Notes on Use

 

The trial judge should determine the appropriate number of paragraphs to use for this Instruction.

The sentencing enhancement provisions in 21 O.S. 2021, § 51.1 differ from those in 21 O.S. Supp. 2024, §§ 20L, 20M, 20N, 20O, or 20P. Under 21 O.S. 2021, § 51.1, there are two levels of enhancement: one for one prior conviction and the other for two or more prior convictions. However, under the Oklahoma Sentencing Modernization Act of 2024, the two levels of sentencing enhancement are one level for one or two prior Class C or D convictions and the other level for three or more prior Class C or D convictions (or one or more Class Y, Class A, or Class B convictions). The trial judge should include the appropriate categories for the alternative enhancement levels in this Verdict Form as separate paragraphs above, and this may require additional alternative paragraphs.

 
 
 
 
 
 
 
 
 
 The Oklahoma Supreme Court
 2100 N. Lincoln Blvd., Suite 1
 Oklahoma City, OK 73105